**TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza, Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Rocco A. Cavaliere, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
In re                                                           Chapter 7

ORLY GENGER,                                                    Case No. 19-13895 (JLG)

                              Debtor.
---------------------------------------------------------------X
DEBORAH J. PIAZZA, as Successor CHAPTER 7
TRUSTEE, of the Bankruptcy Estate of Orly
Genger,

                              Plaintiff,
                                                   Adv. Pro. No. _____

    -against-


MICHAEL OLDNER, THE ORLY GENGER 1993
TRUST, RECOVERY EFFORT INC., SAGI
GENGER, THE SAGI GENGER 1993 TRUST,
DALIA GENGER, ELANA GENGER, DAVID
PARNES, D&K GP LLC, TPR INVESTMENT
ASSOCIATES, INC., MANHATTAN SAFETY
MAINE, INC. AND JOHN AND JANE DOES 1-
100,

                              Defendants.
---------------------------------------------------------------X

# COMPLAINT

Plaintiff Deborah J. Piazza, in her capacity as successor chapter 7 trustee (the "Plaintiff" or "Trustee") of the bankruptcy estate of Orly Genger ("Orly" or the "Debtor"), by and through the Trustee's counsel, Tarter Krinsky & Drogin LLP, bring this Complaint against defendants Michael Oldner ("Oldner"), the Orly Genger 1993 Trust (the "Orly Trust"), Recovery Effort, Inc.

("Recovery Effort"), Sagi Genger ("Sagi"), the Sagi Genger 1993 Trust (the "Sagi Trust"), Dalia Genger ("Dalia"), Elana Genger ("Elana"), David Parnes ("Parnes"), D&K GP LLC ("D&K GP"), TPR Investment Associates, Inc. ("TPR"), Manhattan Safety Maine, Inc. ("Manhattan Safety Maine"), and John and Jane Does 1-100 (each a "Defendant" and collectively, the "Defendants"), and respectfully alleges as follows:

## NATURE OF THE ACTION

1.      This is an action to avoid and recover unauthorized postpetition transfers that were made by Defendant Orly Trust (and purportedly on behalf of its wholly owned subsidiary, Defendant Recovery Effort), by its purported trustee, Defendant Oldner (who also serves as President of Recovery Effort), to Defendants Sagi, Dalia, Elana, Parnes, TPR, D&K GP, as well as the Sagi Trust, Manhattan Safety Maine, and John and Jane Does 1-100, in willful violation of the automatic stay. In particular, Defendants conspired to cause Oldner, on behalf of the Orly Trust and Recovery Effort, to deliver purported releases to them or for their benefit on August 15, 2019 (collectively, the "August 2019 Releases"), approximately one month after the commencement of the Chapter 7 Case. The releases purport to release all claims of the Orly Trust and Recovery Effort against those Defendants as well as any claims of the Orly Trust's beneficiaries, i.e., Debtor Orly Genger. Orly's claims, including those purportedly released by these releases, are "property of the estate" that belong to the bankruptcy estate and they should not have been – and lawfully could not have been – released by the August 2019 Releases.

2.      Since the Debtor is the primary beneficiary of the Orly Trust, these purported postpetition releases provided during the pendency of the Chapter 7 Case without court approval violated the automatic stay pursuant to section 362(a) of the Bankruptcy Code and are also subject to avoidance and recovery pursuant to sections 549 and 550 of the Bankruptcy Code. Because the violations of the automatic stay were willful, punitive damages and sanctions,

{Client/086201/1/02462867.DOCX;2 }                           2

including but not limited to attorneys' fees and costs) are warranted pursuant to section 362(k) of the Bankruptcy Code, as is the issuance of an injunction to enjoin the Defendants from continuing to violate the automatic stay.

3. Plaintiff also seeks to avoid and recover from Defendants or any other person or entity for whose benefit transfers were made pursuant to sections 549 and 550 of the Bankruptcy Code any other transfers that were made after the Debtor commenced the Chapter 7 Case and which transfers were not authorized by the Bankruptcy Code or this Court.

## PARTIES

4. The Trustee is the legal representative of Orly's bankruptcy estate with authority to commence this action. The Trustee is a resident of the State of New York and is a licensed attorney maintaining an office at c/o Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, New York 100018.

5. Orly Genger is the debtor in this chapter 7 case, and resides in Austin, Texas. Orly is the primary beneficiary of the Orly Trust.

6. Defendant Michael Oldner is an individual who resides in the State of Arkansas. Oldner purports to be the current trustee of the Orly Trust and the current president of Recovery Effort. Oldner is a Defendant both in his individual capacity and in his capacity as the trustee of the Orly Trust and the president of Recovery Effort.

7. Defendant The Orly Genger 1993 Trust is a trust established in 1993 by Orly's father, Arie Genger ("Arie"), as grantor, for the benefit of Orly and her heirs, which now include Orly's four-year old daughter pursuant to that certain Trust Agreement dated December 13, 1993 between Arie Genger, as Grantor, and Lawrence M. Small and Sash A. Spencer, as Trustees.

{Client/086201/1/02462867.DOCX;2 }    3

8. Defendant Recovery Effort Inc. ("Recovery Effort") is a corporation organized under the laws of Arkansas and allegedly having its principal place of business in Arkansas. The Orly Trust wholly owns Recovery Effort, and Defendant Oldner, the purported current trustee of the Orly Trust, also purportedly serves as Recovery Effort's president.

9. Defendant Sagi Genger is the adult son of Arie and Dalia and is an individual who resides in an assortment of homes located in New York City, Florida and Connecticut. Upon information and belief, Sagi is the President of Defendant TPR and a controlling member of TPR's Board of Directors.

10. Defendant The Sagi Genger 1993 Trust is a trust established in 1993 by Arie, as grantor, for the benefit of Sagi and his heirs, pursuant to that certain Trust Agreement dated December 13, 1993.

11. Defendant Dalia Genger is the mother of Sagi and Orly, and the former wife of Arie. Dalia resides in New York City, County and State of New York. Dalia was the trustee of the Orly Trust from 2008 to June 2019 at which time, through the assistance of Sagi, purported to appoint Oldner as the trustee of the Orly Trust.

12. Defendant Elana Genger is the wife of Defendant Sagi Genger and is an individual who resides in an assortment of homes located in New York City, Florida and Connecticut. She is a necessary party defendant to this action because one of the releases that Plaintiff seeks to annul identifies her and her affiliates as a releasee.

13. Defendant David Parnes is an individual who resides in Israel and is a close friend of Sagi.

14. Defendant D&K GP LLC is a limited liability company organized under the laws of Delaware and having its principal place of business in New York, New York.

15. Defendant TPR Investment Associates, Inc. is a corporation organized under the laws of Delaware and having its principal place of business in New York, New York.

16. Defendant Manhattan Safety Maine, Inc. is a corporation organized under the laws of Maine and allegedly having its principal place of business in Maine. On information and belief, Defendant TPR purportedly assigned to Manhattan Safety all right, title, and interest in any funds owed to TPR by the Orly Trust as a result of the "D&K Note", and the purported debt evidenced thereby.

17. Upon information and belief, John and Jane Does 1 through 100, are individuals whose true names are unknown to Plaintiff, and who conspired with, aided and abetted, and/or otherwise participated in the other Defendants' wrongful conduct described herein and/or are recipients of the August 2019 Releases or any other releases that any of the Defendants have purported to grant on behalf of Orly since the commencement of the Chapter 7 Case.

## JURISDICTION & VENUE

18. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a).

19. This action is a core proceeding pursuant to 28 U.S.C. § 157(b).

20. Plaintiff consents to entry of a final order or judgment in this action by this Court.

21. Venue is proper pursuant to 28 U.S.C. § 1409.

22. The statutory bases for relief are sections 105(a), 362, 541, 549 and 550 of the Bankruptcy Code and applicable law.

## FACTUAL ALLEGATIONS

### The Orly Trust and Oldner's Purported Appointment

23. The Orly Trust was created by Arie in 1993 to benefit Orly and her heirs. Instead, Oldner, and various past trustees of the Orly Trust, including Defendant Parnes (Sagi's close

friend) and Defendant Dalia (Orly's and Sagi's mother), in concert with the other Defendants, have intentionally used the Orly Trust as a vehicle to inflict harm upon Orly and numerous other parties closely aligned with Orly.

24. On June 12, 2019, Dalia purported to resign as trustee of the Orly Trust and appointed Oldner as her successor. At the time of his appointment, Dalia was the defendant in a petition filed by Orly in 2009 that seeks to remove Dalia as trustee of the Orly Trust for various alleged misconduct and which remained pending before the New York County Surrogate's Court. This Surrogate Court action has since been removed to the Bankruptcy Court. Dalia appointed Oldner despite the pendency of the action to remove her as trustee and to declare her acts as trustee null and void. She also did so despite never having met or spoken with Oldner as purported successor trustee, or even having attempted to do so, and, upon information and belief, having performed no due diligence whatsoever regarding Oldner's qualifications in further dereliction of her fiduciary duties as trustee. Rather, she entrusted the decision to Sagi, who in turn, worked with his business partner Robin Rodriguez, the president of Defendant Manhattan Safety Maine, to identify Oldner (who used to work with Rodriguez). Dalia also failed to seek leave of the Surrogate's Court to appoint Oldner despite the fact that Orly's action to remove Dalia as trustee and, in turn, prevent Dalia, Sagi, or any of their associates from appointing any other trustee aligned with them, had been pending before that court for a decade.

25. According to testimony adduced in this case, in June 2019, Sagi and Oldner spoke by phone several times to discuss the Genger litigations and the plan to commence additional litigations based on the same set of facts.

26. On June 14, 2019, Sagi and Oldner met for the first time at Community Bakery in Little Rock, Arkansas, during which meeting Sagi handed him documents to sign accepting his appointment as trustee of the Orly Trust.

27. On June 20, 2019, Oldner was purportedly installed as trustee despite having no experience acting in that capacity and not being a lawyer. In fact, Oldner had not even graduated from college. Oldner accepted the position, which is unpaid per stipulation in the trust agreement, despite having conducted no independent inquiries or investigation prior to taking on the role, other than reading the Orly Trust trust agreement, certain court documents and speaking with Sagi – against whom Orly had asserted claims seeking damages totaling in excess of $50 million. He also simultaneously agreed to serve as president of Recovery Effort, a position for which he expects to be compensated in some amount to be negotiated and agreed later with Sagi and Rodriguez.

28. Upon information and belief, Oldner's appointment was conditioned on his agreement to deliver the August 2019 Releases.

29. After taking on the role, upon information and belief, Oldner made no meaningful efforts of his own to investigate the interests and positions of the Orly Trust and its beneficiaries.

30. Instead, upon information and belief, Oldner acted at Sagi's direction, filing motions and other documents that Sagi – who Oldner understood would determine his compensation as president of Recovery Effort – directed him to file, signing documents that Sagi directed him to sign, granting releases that Sagi and Parnes directed him to grant, and otherwise acting for the benefit of the other Defendants, without any regard for and not for the benefit of the Orly Trust or its beneficiaries, but, in fact, acting diametrically opposed to those interests.

**The Chapter 7 Case**

31. On July 12, 2019, Orly commenced a voluntary case under chapter 7 of the Bankruptcy Code (the "Chapter 7 Case") in the United States Bankruptcy Court for the Western District of Texas, Case No. 19-10926.

32. Ronald Satija was appointed the chapter 7 trustee (the "Prior Trustee") for the Debtor's estate.

33. On November 7, 2019, the Texas Bankruptcy Court ordered the Chapter 7 Case transferred to the United States Bankruptcy Court for the Southern District of New York.

34. Following transfer, the New York Bankruptcy Court appointed the Trustee as the successor chapter 7 trustee for the estate.

35. At a status conference on March 4, 2020, this Court asked Trustee's counsel to prepare a chart listing the status of all pending litigations involving the Debtor or relating to the Debtor's case, with input from all parties, including Sagi, Dalia and Oldner. On April 17, 2020, the Trustee filed a comprehensive "Status Update Chart" [Dkt. No. 234]. None of Sagi, Dalia or Oldner ever disclosed to the Trustee or to the Court, at that time, that the August 2019 Releases (defined below) had been obtained for their benefit and for others closely affiliated with them.

**The August 2019 Releases**

36. On August 15, 2019, the same date as the Debtor's section 341 meeting in Austin, Texas, Parnes – a resident of Israel – upon information and belief, hand delivered four separate forms of releases to Oldner in Austin, Texas, each of which is discussed below and which collectively comprise and are defined herein as the August 2019 Releases. Oldner then promptly signed each of the August 2019 Releases on the same date.

37. First, Oldner purported to release Dalia, as prior trustee of the Orly Trust, from any and all actions, claims, causes of actions, suits, debts, and judgements with respect to the Orly Trust and Dalia's actions as trustee thereof (the "Dalia Release"). Specifically, the Orly Trust granted the Dalia Release on behalf of the "Releasors" the Orly Trust and "any entity under [the Orly Trust's] control (including, but not limited to, Recovery Effort Inc.)," to "Dalia Genger and her successors, executors, agents and assigns ('Releasee'), from any and all actions, causes of actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, and also any claims with respect to the Orly Genger 1993 Trust and any and all accountability, liability and responsibility of Releasee for Releasee's acts or omissions, Releasor ever had, now has or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Release."

38. Second, Oldner purported to release Sagi and his wife, Elena Genger, and among others, the Sagi Trust, indirectly in their capacity as Sagi's trusts, certain causes of action from TPR from any and all claims, causes of action, suits, debts, and judgements with respect to the Orly Trust (the "Sagi and Elana Release"). Specifically, the Orly Trust granted the Sagi and Elana Release on behalf of "Releasors" the Orly Trust and "any entity under [the Orly Trust's] control (including, but not limited to, Recovery Effort Inc.)," to "Sagi Genger, Elana Genger and their successors, executors, agents and assigns, trusts or other entities of which they were or are beneficiaries ('Releasee'), from any and all actions, causes of actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims,

{Client/086201/1/02462867.DOCX;2 }    9

and demands whatsoever, in law, admiralty or equity, and also any claims with respect to the Orly Genger 1993 Trust and any and all accountability, liability and responsibility of Releasee for Releasee's acts or omissions, Releasor ever had, now has or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Release."

39. Third, Oldner purported to release TPR and D&K GP, and Manhattan Safety Maine indirectly in its capacity as an assignee of certain causes of action from TPR, from any and all actions, claims, causes of actions, suits, debts, and judgements with respect to the Orly Trust (the "TPR and D&K GP Release"). Specifically, the Orly Trust granted the TPR and D&K GP Release on behalf of the "Releasors" the Orly Trust and "any entity under [the Orly Trust's] control (including, but not limited to, Recovery Effort Inc.)," to "TPR Investment Associates, Inc., a Delaware corporation, D&K GP LLC, a Delaware corporation [sic], and their respective principals, officer, directors, partners, members, subsidiaries and each of their successors, executors, agents and assigns ('Releasee'), from any and all actions, causes of actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, and also any claims with respect to the Orly Genger 1993 Trust and any and all accountability, liability and responsibility of Releasee for Releasee's acts or omissions, Releasor ever had, now has or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Release."

40. Fourth, Oldner purported to release Parnes from any and all actions, claims, causes of actions, suits, debts, and judgements with respect to the Orly Trust (the "Parnes

Release"). Specifically, the Orly Trust granted the Parnes Release on behalf of the "Releasors" the Orly Trust and "any entity under [the Orly Trust's] control (including, but not limited to, Recovery Effort Inc.)," to "David Parnes and his successors, executors, agents and assigns, trusts or other entities of which they were or are beneficiaries (each, a 'Releasee'), from any and all actions, causes of actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, and also any claims with respect to the Orly Genger 1993 Trust and any and all accountability, liability and responsibility of Releasee for Releasee's acts or omissions, Releasor ever had, now has or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Release."

41.     As indicated above, the August 2019 Releases also purport to release any claims that the beneficiaries (including the primary beneficiary, Orly) of the Orly Trust might have had against the Defendant-releasees. Specifically, each of the releases define the term "Releasor" to include the Orly Trust "and all of its trustees, directors, officers, employees, agents, affiliates, successors, assigns and beneficiaries, whether or not currently in being, and such beneficiaries' agents."

42.     Despite purporting to be the trustee of the Orly Trust with a fiduciary duty to Orly, Oldner granted the August 2019 Releases without conducting any meaningful investigation regarding the Defendant-releasees' actions with respect to the releasors, including Orly. The various Genger-related litigations spanning multiple courts over multiple years are complicated. Oldner is not a lawyer and does not have a college degree nor has he ever been a trustee of a trust. Notwithstanding the foregoing, Oldner did not attempt to speak with Orly or her pre-

petition counsel regarding the background and facts underlying the numerous causes of action against, among others, Dalia and Sagi.

43. On the date of the August 2019 Releases, Orly was a chapter 11 debtor and a beneficiary of the Orly Trust. Thus, the August 2019 Releases purport to release claims of Orly and her bankruptcy estate. Oldner and the Orly Trust were aware of the pendency of this chapter 7 case prior to granting the August 2019 Releases. However, Oldner/the Orly Trust/Recovery Effort did not consult the Debtor or the Prior Trustee before purporting to grant the August 2019 Releases on Orly's behalf.

44. In addition, prior to providing the August 2019 Releases, Oldner, the Orly Trust and Recovery Effort were aware that Orly had asserted numerous claims and lawsuits against Dalia and Sagi, among others, and that such claims remained pending and were assets of Orly's bankruptcy estate.

45. Despite his awareness of the pendency of this chapter 7 case and the pendency of Orly's claims, Oldner, on behalf of the Orly Trust and Recovery Effort, willfully failed to seek approval of the Texas Bankruptcy Court (where this chapter 7 case was then pending) or relief from the automatic stay before granting the August 2019 Releases. Oldner and the Orly Trust also failed to consult with or seek consent from Orly or the Prior Trustee before granting the August 2019 Releases.

46. Pursuant to 11 U.S.C. § 362(a)(3), Orly's commencement of the chapter 7 case resulted in an automatic stay applicable to all persons and entities of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

47. Because the August 2019 Releases purport to release claims of the Debtor, Oldner's, the Orly Trust's and Recovery Effort's granting of the August 2019 Releases constituted an act to obtain possession of property of the estate, to obtain property from the estate, or to exercise control over property of the estate in violation of 11 U.S.C. § 362(a)(3).

48. Each of the Defendants was aware of the commencement of the Chapter 7 Case and the existence of the automatic stay prior to the granting of the August 2019 Releases. Each of the Defendants has either been an active participant in the Chapter 7 Case or is otherwise aware of the Chapter 7 Case through their affiliation with other Defendants.

49. Upon information and belief, as the targets of the claims subject to the August 2019 Releases, Dalia, Sagi, Elana, the Sagi Trust, D&K GP, Parnes, TPR and Manhattan Safety Maine acted in concert with Oldner, the Orly Trust and Recovery Effort in effectuating the granting of the August 2019 Releases, and demanded that Oldner grant the August 2019 Releases to them as a condition to Oldner's purported appointment as trustee of the Orly Trust and President of Recovery Effort.

50. Upon information and belief, Oldner agreed to these demands and granted the August 2019 Releases as a *quid pro quo* for his purported appointment as trustee of the Orly Trust and President of Recovery Effort.

51. Oldner testified that he does not recall receiving any payment in exchange for granting the August 2019 Releases. Sagi testified that he gave Oldner $20 in cash for them.

## COUNT I

### AVOIDANCE OF UNAUTHORIZED POSTPETITION TRANSFERS PURSUANT TO 11 U.S.C. § 549

**(against All Defendants)**

52. Plaintiff repeats and realleges all preceding paragraphs as if set forth fully herein.

53. Pursuant to section 323 of the Bankruptcy Code, the Trustee is the legal representative of the Debtor's bankruptcy estate.

54. Oldner, in his individual capacity and in his capacity as the purported trustee of the Orly Trust and in his capacity as President of Recovery Effort Inc. has no authority to grant releases on Orly's behalf.

55. The granting of the August 2019 Releases to Defendants Sagi Genger, the Sagi Genger 1993 Trust, Dalia Genger, Elana Genger, David Parnes, D&K GP LLC, TPR Investment Associates, Inc., Manhattan Safety Maine, Inc., and John and Jane Does 1-100) occurred after the commencement of the Chapter 7 Case and were not authorized under the Bankruptcy Code or by the Bankruptcy Court. Accordingly, the transfers of the August 2019 Releases are avoidable pursuant to 11 U.S.C. § 549.

56. Plaintiff also seeks to avoid from Defendants or any other person or entity for whose benefit transfers were made pursuant to sections 549 of the Bankruptcy Code any other transfers that were made after the Debtor commenced the Chapter 7 Case and which transfers were not authorized by the Bankruptcy Code or this Court. Any such unauthorized postpetition transfers are also avoidable pursuant to 11 U.S.C. § 549.

57. Orly and her bankruptcy estate were damaged as a result of Defendants' foregoing unauthorized postpetition transfers and the granting of the August 2019 Releases.

## COUNT II

## RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550

### (against All Defendants)

58. Plaintiff repeats and realleges all preceding paragraphs as if set forth fully herein.

59. Plaintiff is entitled to avoid all postpetition transfers that were not authorized by the Bankruptcy Code or by the Court, including but not limited to the granting and delivery of the August 2019 Releases, pursuant to 11 U.S.C. § 549 (collectively, the "Avoidable Transfers").

60. Defendants Sagi Genger, the Sagi Genger 1993 Trust, Dalia Genger, Elana Genger, David Parnes, D&K GP LLC, TPR Investment Associates, Inc., Manhattan Safety Maine, Inc., and John and Jane Does 1-100) were the initial transferees of the Avoidable Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfers were made.

61. Pursuant to 11 U.S.C. § 550, Plaintiff is entitled to recover from Defendants the Avoidable Transfers, plus interest thereon to the date of payment and the costs of this action.

## COUNT III

## VIOLATION OF THE AUTOMATIC STAY

### (against all Defendants)

62. Plaintiff repeats and realleges all preceding paragraphs as if set forth fully herein.

63. Pursuant to 11 U.S.C. § 362(a), Orly's commencement of the chapter 7 case resulted in an automatic stay applicable to all persons and entities of, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

64. The August 2019 Releases purport to release claims of Orly and her bankruptcy estate during the pendency of the Chapter 7 Case without bankruptcy court approval.

65. Because the August 2019 Releases purport to release claims of the Debtor, Oldner's and the Orly Trust's granting of the August 2019 Releases constituted a violation of the

automatic stay, including an act to obtain or exercise control over estate property in violation of 11 U.S.C. § 362(a)(3).

66. Orly and her bankruptcy estate have suffered damages as a result of the violations by the Defendants of 11 U.S.C. § 362(a) in an amount to be determined at trial.

67. As a result of the foregoing violations of the automatic stay, the August 2019 Releases should be declared invalid and voided *ab initio*.

## COUNT IV

### WILLFUL AND KNOWING VIOLATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(k)

#### (against all Defendants)

68. Plaintiff repeats and realleges all preceding paragraphs as if set forth fully herein.

69. Defendants acted with full knowledge of the pendency of the Chapter 7 Case to intentionally deprive Orly and her bankruptcy estate of the claims subject to the August 2019 Releases.

70. Oldner's, the Orly Trust's and Recovery Effort's unauthorized granting of the August 2019 Releases, and the demands by Dalia Genger, Sagi Genger, Elana Genger, the Sagi Trust, David Parnes, D&K GP, TPR, Manhattan Safety Maine and John and Jane Does 1-100 to receive such unauthorized August 2019 Releases, with full knowledge of the pendency of Orly's chapter 7 case, constitutes a knowing and willful violation of the automatic stay.

71. The Defendants intentionally concealed the August 2019 Releases until they were uncovered in discovery sought by Plaintiff and other parties in interest in the Chapter 7 Case.

72. Orly and her bankruptcy estate have suffered damages as a result of the foregoing knowing and willful violations of the automatic stay in an amount to be determined at trial.

73. Pursuant to 11 U.S.C. § 362(k), Plaintiff is entitled to actual and punitive damages as well as sanctions, costs, expenses and attorney's fees arising from the foregoing knowing and willful violations of the automatic stay, together with interest thereon from the date of Defendants' willful violations of the automatic stay.

## COUNT V

## DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

### (against all Defendants)

74. Plaintiff repeats and realleges all preceding paragraphs as if set forth fully herein.

75. Several of the Defendants, Sagi, Dalia, TPR, D&K GP and Oldner on behalf of the Orly Trust, have filed proofs of claim against the Debtor's estates. None of the other Defendants filed proofs of claim by the claims bar date deadline.

76. Pursuant to section 502(d) of the Bankruptcy Code, the Court "shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title, or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title."

77. Each of the August 2019 Releases is a "transfer" as that term is defined under section 101(54) of the Bankruptcy Code.

78. Dalia Genger, Sagi Genger, Elana Genger, the Sagi Trust, David Parnes, D&K GP, TPR, Manhattan Safety Maine and John and Jane Does 1-100 are recipients of the Avoidable Transfers, which are avoidable under section 549 of the Bankruptcy Code, and recoverable under section 550 of the Bankruptcy Code.

79. Dalia Genger, Sagi Genger, Elana Genger, the Sagi Trust, David Parnes, D&K GP, TPR, Manhattan Safety Maine and John and Jane Does 1-100 have not paid the amount of the Avoidable Transfers, or turned over such property, for which they are liable under 11 U.S.C. § 550.

80. Pursuant to 11 U.S.C. § 502(d), any and all filed and unfiled claims of Dalia Genger, Sagi Genger, and Oldner on behalf of the Orly Trust, Elana Genger, the Sagi Trust, David Parnes, D&K GP, TPR, Manhattan Safety Maine and John and Jane Does 1-100, and or any of their respective assignees, against the Debtor's chapter 7 estate or Plaintiff must be disallowed until such time as each Defendant returns to Plaintiff the Avoidable Transfers to which it was a party, plus the amount for which each such Defendant is liable under section 550 of the Bankruptcy Code.

## RESERVATION OF RIGHTS

81. This complaint has been filed in advance of the two year statute of limitations for avoidance and recovery of the August 2019 Releases. As set forth in the Trustee's pending *Motion For Order Pursuant to Bankruptcy Rule 9019 Approving Settlement Agreement and Granting Related Relief* [Dkt. No. 421], the Trustee intends to assign whatever rights that the estate may have against, among others, Oldner and Dalia, as more fully set forth in the Settlement Motion. The claims set forth herein are in addition to other possible causes of action, such as state law tort claims, for which the statute of limitations has not yet expired.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor against Defendants as follows:

(a) Avoiding all of the Avoidable Transfers and directing Defendants to return to Plaintiff the amount of the Avoidable Transfers pursuant to 11 U.S.C. §§ 549 and 550(a), plus interest from the date of the transfers at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action, including, without limitation, attorneys' fees;

(b) Disallowing any claims held or filed by Defendants against Orly in the Chapter 7 Case until Defendants return the Avoidable Transfers and paid any amounts owed to Plaintiff in connection with the Avoidable Transfers pursuant to 11 U.S.C.§ 502(d);

(c) Permanently enjoining the Defendants from granting any releases on behalf of, or taking any other acts to obtain control of any claims of, that in any way affect Orly Genger absent order of the Court on notice to the Trustee and all parties;

(d) Declaring that the August 2019 Releases violated 11 U.S.C.§ 362(a)(3) and are void *ab initio*;

(e) Declaring that the Defendant's violations of the automatic stay were knowing and willful violations of 11 U.S.C.§ 362(a)(3);

(f) Awarding the Plaintiff sanctions against the Defendants, including without limitation, actual and punitive damages, Plaintiff's and the Debtor's attorney's fees, and such interest as may be permitted by law, as a result of the Defendant's knowing and willful violation of the automatic stay;

(g) Awarding the Plaintiff reasonable and necessary attorney's fees, costs and expenses incurred in connection with this action; and

(h) Granting the Plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 14, 2021

**TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza,*
*Chapter 7 Trustee*

By: */s/ Rocco A. Cavaliere*
Rocco A. Cavaliere
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
rcavaliere@tarterkrinsky.com