# POLLOCK | COHEN LLP

60 BROAD STREET, 24TH FLOOR
NEW YORK, NEW YORK 10004
(212) 337-5361

*CONTACT:*
Max Rodriguez
Max@PollockCohen.com
(646) 290-7509

September 14, 2021

**VIA ECF**

Hon. James L. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 601
New York, NY 10004

      Re:    *In re Orly Genger*, Chapter 7 Case No. 19-13895
             *Piazza v. Oldner et al.*, Adv. Case No. 21-ap-1180

Dear Judge Garrity:

      We represent the Orly Genger 1993 Trust (the "Orly Trust"), by Michael Oldner, trustee, in the above-referenced bankruptcy. I write to request a conference to discuss a continuance and/or stay of the deadline to respond to the Trustee's recent adversary complaint (ECF no. 532, hereinafter "Release Complaint") in *Piazza v. Oldner et al.*, 21-ap-1180 (Bankr. S.D.N.Y.) (the "Release Case"); or, in the alternative, to seek leave of court to file a motion to stay the Release Case.

      The Release Complaint alleges that the Orly Trust, in releasing certain of its potential claims whether brought by it or on its behalf by the Debtor, violated the automatic stay in this bankruptcy case. Release Complaint ¶¶ 1, 47. The Trustee alleges that because "the Debtor is the primary beneficiary of the Orly Trust, these purported postpetition releases . . . violated the automatic stay . . . and are also subject to avoidance and recovery pursuant to sections 549 and 550 of the Bankruptcy Code." *Id.* ¶ 2. In other words, the Trustee alleges that the Orly Trust's potential claims were part of the Debtor's bankruptcy estate, making the releases improper. This is an issue that will need to be addressed to resolve any potential motion practice on the Release Complaint.[1]

      This fundamental issue, *i.e.*, whether the Orly Trust's assets are part of the bankruptcy estate by virtue of the Debtor being a beneficiary of the Orly Trust, is already before the Court in two pending motions. First, on June 8, 2020, the Orly Trust filed a motion for entry of an order

---

[1] For example, in *In re Markel*, the court decided that a trust, even one that is not spendthrift, could settle its claims without violating the automatic stay, where a beneficiary is in bankruptcy. *See* 2001 WL 1825790, at *1–2 (Bankr. M.D. Fla. Sept. 5, 2001) ("… the Debtor's estate [does not include]…the actual property composing the Trust i.e. the Claim. The automatic stay only applies to property of the estate.").

Hon. James L. Garrity, Jr.
September 14, 2021
Page 2 of 3

confirming that the automatic stay does not apply to certain non-bankruptcy litigations. (ECF no. 258, the "Automatic Stay Motion"). The motion is fully briefed, with an opposition brief filed on June 23, 2020 (ECF no. 274), and a reply brief filed on June 30, 2020 (ECF no. 280). In the Automatic Stay Motion, the Orly Trust argues, among other things, that the automatic stay in this bankruptcy case does not apply to its unique claims against non-debtor parties. *See* Automatic Stay Motion at 1–2. Similarly, the releases at issue in the Release Complaint arise from potential claims of the Orly Trust.

Second, on May 28, 2021, the Trustee filed a motion under Rule 9019. (ECF no. 421, the "Settlement Motion"). This motion is also fully briefed, with the Orly Trust's objection having been filed on July 16, 2021 (ECF no. 491) and the Trustee's reply having been filed on July 27, 2021 (ECF no. 506). As a part of the Settlement Motion, the Trustee seeks to sell certain claims purportedly belonging to the bankruptcy estate to Claims Pursuit Inc. These claims include alleged breach of fiduciary duty claims against present, former, and successor trustees of the Orly Trust in their capacities as trustee. In its objection to the Settlement Motion, the Orly Trust argued that these claims cannot be assigned because they belong to the Orly Trust and are not part of the bankruptcy estate. (ECF no. 491 at 41–48.) The Orly Trust also argued that the Court must determine whether these claims are part of the bankruptcy estate to determine whether the Trustee is authorized to sell them. (ECF no. 491 at 49–50.) In reply, the Trustee argued that the Debtor, as a beneficiary of the Orly Trust, could directly receive damages for these claims, thus bringing them within the bankruptcy estate. (ECF no. 506 ¶ 80.). The Trustee argued that because Mr. Oldner allegedly engaged in misconduct, the assets of the Orly Trust were merged with the bankruptcy estate.

It is clear that the Court's resolution of these issues as a part of its decisions on the pending Automatic Stay Motion and Settlement Motion would be largely, if not entirely, determinative of the core issue animating the Release Complaint and would substantially streamline or even eliminate motion practice in response to it. Accordingly, it would conserve judicial resources — and the parties' resources —to stay and/or delay any deadlines in response to the Release Complaint until the Court resolves the Automatic Stay Motion and/or the Settlement Motion.

We sought to meet and confer with Trustee's counsel, requesting that the Trustee consent to such a delay and/or stay for the reasons explained above. The Trustee's counsel rejected the proposal, arguing that the positions articulated by him and others in the Settlement Motion briefing and at the hearing are "abundantly clear."[2]

---

[2] The email exchange between myself and Trustee's counsel, dated September 3–8, 2021, is attached hereto as "Exhibit A."

POLLOCK | COHEN LLP

Hon. James L. Garrity, Jr.
September 14, 2021
Page 3 of 3

      I am optimistic that a further discussion of these issues with the Court's participation and perspective will allow for a path forward to a mutually beneficial streamlining of issues for all parties concerned.

* * *

      Thank you for Your Honor's consideration in this matter.

Respectfully,

*/s/ Max Rodriguez*

Max Rodriguez

Enclosure

Pollock | Cohen LLP

# Exhibit A

**From:** Rocco A. Cavaliere  rcavaliere@tarterkrinsky.com
**Subject:** RE: [EXT] Piazza v. Oldner et al., 21-ap-01180-JLG
**Date:** September 8, 2021 at 1:06 AM
**To:** Max Rodriguez  max@pollockcohen.com
**Cc:** Adam Pollock  Adam@pollockcohen.com

Max,

I am not familiar with any "complex issues" raised by the Orly Trust in connection with the settlement motion. The law is pretty clear that the claims against Mr. Oldner that are being sold, on an "as is, where as" basis, may be sold by the Trustee for the reasons set forth in the Motion, the Reply and on the record of the hearing. Further, it is also abundantly clear that Mr. Oldner's releases to various parties on purported behalf of the Trust and beneficiaries (including Orly, as the primary beneficiary) during the bankruptcy case are clearly voidable for the reasons set forth in the complaint, and thus similarly raise no "complex issues". There is simply no legal basis supporting Mr. Oldner's unlawful actions and you have yet to provide any case law to the contrary. While you research the law to find cases that support your position (there are none), you may also wish to consider becoming at least generally familiar with 11 U.S.C. § 362(k).

As a result of the foregoing, we intend to proceed with the adversary proceeding on the schedule before the Court. I strongly urge you to avoid burdening the Court with needless motion practice in an effort to preserve these bogus releases that provided no benefit or value to anyone. The Trustee reserves all rights in connection with this matter.

Rocco



**Rocco A. Cavaliere|Partner**
T: 212-216-1141|F: 212-216-8001
rcavaliere@tarterkrinsky.com|Bio

Tarter Krinsky & Drogin LLP
1350 Broadway|New York|NY|10018
www.tarterkrinsky.com|LinkedIn
COVID-19 RESOURCE CENTER

**From:** Max Rodriguez <max@pollockcohen.com>
**Sent:** Friday, September 3, 2021 2:08 PM
**To:** Rocco A. Cavaliere <rcavaliere@tarterkrinsky.com>
**Cc:** Adam Pollock <Adam@pollockcohen.com>
**Subject:** [EXT] Piazza v. Oldner et al., 21-ap-01180-JLG

Rocco,

With respect to the new adversary proceeding, in the interest of efficiently resolving the complex issues in front of Judge Garrity, we wanted to propose delaying the deadline to answer or otherwise respond to the complaint until after Judge Garrity rules on the pending 9019 motion. In part the pending 9019 motion turns on the same issue of the Orly Trust's relationship to the bankruptcy estate with respect to any claims asserted or assigned by the debtor. It seems like it would conserve resources for everyone involved, including the Court, to hold off on addressing these issues until Judge Garrity has ruled on the 9019 motion, which may substantially narrow or alter the issues at play in any motion practice in this adversary proceeding.

Let us know if the Trustee agrees with this proposal.

Thanks,
Max

--

**Max Rodriguez**
Associate | **Pollock Cohen LLP**
+1.646.290.7509
60 Broad St., 24th Flr.
New York, NY 10004
Pronouns: he/him/his

Tarter Krinsky & Drogin is fully operational. All attorneys and staff have been and will continue to be working remotely and TKD has put measures in place to ensure our services continue uninterrupted. However, because of anticipated delays in receiving regular mail and other deliveries, please e-mail copies of anything you send by regular mail or delivery, including issuing remittances electronically, until further notice. Please contact Katrinia Soares at reception@tarterkrinsky.com or by phone at 212-216-8000 with any questions. Thank you in advance for your courtesies during these unprecedented times.

NOTE: If regular mailing or other specific transmission type is required by terms of a contract, order or statute, please comply with those obligations and transmit the materials by the means set forth in the agreement, order or statute as well as by email.

Confidentiality Disclosure: This information in this email and in attachments is confidential and intended solely for the attention and use of the named (addressee(s). This information may be subject to attorney/client privilege or may otherwise be protected by work product privilege or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to disclose, and must not disclose, copy, distribute, or retain this message or any part of it.

This email is an informal communication that is not meant to be legally binding upon the sender unless expressly noted to the contrary.

Tarter Krinsky & Drogin LLP, Attorneys-at-Law.