

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Rocco A. Cavaliere, Partner
Email: rcavaliere@tarterkrinsky.com
Phone: (212) 216-1141

September 15, 2021

**BY FEDERAL EXPRESS AND ECF**

Honorable James L. Garrity, Jr.
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

    Re:    Piazza v. Oldner, et al., Adv. Pro. No. 21-01180 (JLG)
               In re Orly Genger, Chapter 7 Case No. 19-13895 (JLG)

Dear Judge Garrity:

      This firm represents Deborah J. Piazza, the chapter 7 Trustee of the above-referenced estate and Plaintiff in the above-referenced adversary proceeding.

      We are in receipt of the letter from Max Rodriguez, Esq. on behalf of Michael Oldner, the purported trustee of the Orly Genger 1993 Trust. See Adv. Pro. Dkt. No. 4. We oppose the conference requested by Mr. Oldner in the above-referenced adversary proceeding. Simply stated, no conference is needed. As he and Sagi Genger have done throughout the bankruptcy case, Mr. Oldner is overcomplicating what is a simple legal claim in the adversary proceeding against him and the Orly Genger 1993 Trust (OGT). That action seeks to void the purported releases he, as purported successor trustee handpicked by Sagi, provided to, among others, Sagi, his wife, his lawyer and friend and his companies. Those releases expressly state that they release all claims of OGT's "beneficiary" – that is, Debtor's claims against them. And in issuing those releases (for no consideration) shortly after Debtor filed this bankruptcy action, he blatantly violated the automatic stay. There is nothing complicated about that. And this straightforward claim does not hinge on any forthcoming ruling by the Court in the pending motions before the Court.

Honorable James L. Garrity
September 15, 2021
Page 2 of 2

      The "complications" Oldner discusses in his letter are fabrications and obfuscation. He suggests the legal claim here is entangled with an overarching issue of whether the OGT assets are part of the Orly bankruptcy estate because the written releases in his view released *only* OGT claims that are not part of the Debtor's estate. But that is directly refuted by the plain language of the written releases themselves and Sagi's own admissions. The releases expressly define the "Releasor" to include trust "beneficiaries" – that is, Orly, who is the named direct beneficiary of OGT. Sagi himself, moreover, admitted in sworn testimony that he asked for the releases precisely because he wanted OGT to "close out" *Orly's* claims against him and their mother: "I said I'd like to close this thing out … there was trial but there was zero damages … there was still theoretically a possibility of appeal." See Dkt. No. 424, Exhibit 23 (Sagi Tr. 206:21 to 207:12). If Oldner believes in good faith (as required by Rule 9011) that he has legal defenses that would somehow elide or override both the plain language of the challenged post-petition releases and Sagi's own admissions, he should plead them in answering the complaint in this adversary proceeding so that it can be adjudicated in short order.

      We look forward to the Court's determination on Mr. Oldner's request for a conference, which the Trustee respectfully submits should be denied.

      Respectfully submitted,

      /s/Rocco A. Cavaliere

      Rocco A. Cavaliere