# EMMET, MARVIN & MARTIN, LLP
### COUNSELLORS AT LAW



120 Broadway 32nd Floor
New York, New York 10271
212-238-3000

**www.emmetmarvin.com**

John Dellaportas
*Partner*
Tel: 212-238-3092
Fax: 212-238-3100  Fax (alt.) 212-406-6953
jdellaportas@emmetmarvin.com

September 16, 2021

**Via ECF**
Honorable James J. Garrity, Jr.
U.S. Bankr. Ct. for the Southern Dist. of N.Y.
One Bowling Green
New York, NY 10004

      Re:    *Piazza v. Oldner, et al.*, Adv. Pro. No. 21-01180 (JLG)
              *In re Orly Genger*, Chapter 7 Case No. 19-13895 (JLG)

Dear Judge Garrity:

      This firm represents Sagi Genger in connection with the above-referenced adversary proceeding. We write in response to yesterday's letter (Doc. 6) from Mr. Cavaliere, counsel to the Chapter 7 Trustee, in which he opposes an adjournment of the adversary proceeding.

      In his letter, Mr. Cavaliere writes that: "That action seeks to void the purported releases … [which] expressly state that they release all claims of OGT's 'beneficiary' – that is, Debtor's claims against them." Mr. Cavaliere further writes that: "Sagi himself, moreover, admitted in sworn testimony that he asked for the releases precisely because he wanted OGT to 'close out' *Orly's* claims against him and their mother." (Emphasis in original letter.)

      It is an ongoing frustration that the Chapter 7 Trustee and her counsel refuse to acquaint themselves with the most basic facts of this case. Here, it is <u>undisputed</u> that the dismissed state court claims to which the aforementioned testimony refers (and for which Orly's right to appeal has subsequently expired) were derivative claims brought not by Orly in her own stead but rather expressly on behalf of D&K Limited Partnership and the Orly Genger 1993 Trust, each of which is a separate estate over which the Chapter 7 estate has no control.

      Indeed, the Appellate Division, First Department held, in a prior appeal in the same case, that those claims were "**derivative claims that plaintiff asserts on behalf of Orly Trust**." *Genger v. Genger*, 120 A.D.3d 1102, 1104 (1st Dep't 2014) (emphasis added). Subsequently, at the 2016 trial in that same action (which trial Orly went on to lose), her counsel, Michael Bowen, had the following exchange with the bench:

      **THE COURT:**    As I understand it the plaintiff in this case is seeking money on behalf of the trust and derivatively on … on behalf of the corporation. …

      **MR. BOWEN:**    That's correct, Judge. (Exh. A.)

EMMET, MARVIN & MARTIN, LLP                                                                                              2

As a matter of black-letter law, the trustee of a spendthrift trust may settle or release claims that the trust owns without violating the automatic stay, even if the debtor is a beneficiary. In *In re Markel*, 2001 WL 182579, *1 (Bankr. M.D. Fla. Sept. 5, 2001), for example, a debtor moved to enjoin the trustee of a spendthrift trust, to which the debtor was a beneficiary, from settling a litigation because that "the Trust property is part of his bankruptcy estate, and the automatic stay prevents the trustee from settling the Claim." The Bankruptcy Court disagreed and rejected the debtor's motion, holding that: "Trust interests are not property of a Debtor's estate when the trust has a valid spendthrift provision." *Id.* at *2.

As the Court explained:

> Section 362(a)(3) … imposes an automatic stay upon "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." … The Debtor's one-third remainder interest in the Trust *res* is property of the Debtor's estate, and not the actual property composing the Trust, *i.e.,* the Claim. The automatic stay applies only to property of the estate. … <u>The trustee may settle the Claim because it constitutes the *res* of the Trust and not the Debtor's remainder interest in the Trust</u>.

2001 WL 182579 at *2 (emphasis added). Here, as well, the only property of the Chapter 7 estate is Orly's interest in her spendthrift trust. The derivative claims she brought against Sagi on behalf of that trust are property of the trust and not the Chapter 7 estate, and consequently its trustee, Mr. Oldner, may settle or release those claims.

In sum, the Debtor's adversary proceeding is completely frivolous, as it is premised on a legal theory that is not warranted by existing law nor by a nonfrivolous argument for reversing existing law, but rather is brought in disregard of a controlling First Department ruling. As such, it would be counterproductive to divert the Court's attention with this proceeding while far more important motions in this bankruptcy case are *sub judice*.

We thank the Court for its consideration.

Respectfully,

*[signature]*

John Dellaportas

cc:    All Counsel of Record (via ECF)

EXHIBIT A

Page 778

1      Ms. O. Genger - Cross/Mr. Dellaportas
2      THE COURT: Her mother started an action in the
3   Surrogate's Court and as a result of that action,
4   apparently, the defendants who were obligated to make
5   certain payments by virtue of the settlement agreement
6   stopped making the payments. That's what I've been told and
7   I assume nobody disputes that. Let's move on.
8   Q   What do you understand your mother suing about --
9      THE COURT: Do you know what your mother is seeking
10  what relief she's seeking in the Surrogate's Court.
11     THE WITNESS: I don't remember.
12     THE COURT: I'm not sure I understand that either
13  myself but go ahead.
14  Q   You have no idea what she's seeking have you read her
15  pleading?
16  A   I think I looked at it.
17     THE COURT: Well you were served with some papers I
18  take it.
19     MR. BOWEN: No your Honor hasn't been served Judge.
20     MR. HERSCHMANN: Just filing stops payment.
21     MR. BOWEN: They haven't served her yet --
22     THE COURT: There's been a filing but no service
23  yet.
24     MR. HERSCHMANN: Right.
25     THE COURT: Let's move on.
26     MR. DELLAPORTAS: There was I was copied on an

Page 779

1      Ms. O. Genger - Cross/Mr. Dellaportas
2   e-mail from Mrs. Genger's counsel --
3      THE COURT: Have you read the papers that your
4   mother filed in Surrogate's Court.
5      THE WITNESS: I don't think I have.
6      THE COURT: Next question.
7   Q   Do you understand what the nature of proceeding is
8   about?
9      MR. BOWEN: Asked and answered.
10  A   I don't remember --
11     THE COURT: I don't really understand the nature of
12  it but if you want to there should be no dispute about that
13  we can stipulate --
14     MR. DELLAPORTAS: Fair enough --
15     THE COURT: What relief is the mother seeking in
16  Surrogate's Court.
17     MR. DELLAPORTAS: The mother is seeking $33 million
18  paid that was paid in cement of the dispute of the Orly
19  Trust shares actually be deposited with the Orly Trust seems
20  reasonable.
21     THE COURT: The despite the fact the settlement
22  agreement precludes that.
23     MR. DELLAPORTAS: Yes.
24     THE COURT: Okay so she's seeking to vary the terms
25  of the settlement agreement let's move on.
26     MR. BOWEN: They should have asked the mother when

Page 780

1      Ms. O. Genger - Cross/Mr. Dellaportas
2   she was here.
3      THE COURT: Let's move on.
4   Q   And you oppose giving any of this money to the Orly
5   Trust correct?
6   A   I oppose what?
7      THE COURT: Well she had signed a settlement
8   agreement counselor which precluded any of that money from
9   going to the Orly Trust okay so that's a position saying the
10  money should not go to the Orly Trust let's move on.
11  Q   Why do you oppose it?
12     THE COURT: I suspect it's opposed so she can
13  collect that money here let's move on.
14     MR. DELLAPORTAS: I'm sorry you suspect.
15     THE COURT: That that's the reason.
16     MR. DELLAPORTAS: I didn't I legitimately don't
17  understand.
18     THE COURT: The reason is she'd rather get the
19  money from your client than under the terms of that
20  settlement.
21     MR. DELLAPORTAS: I don't think they're mutually
22  exclusive your Honor.
23     MR. HERSCHMANN: We accept we're entitled to all
24  the damages they caused the we finally stipulate to
25  something they agree to.
26     MR. DELLAPORTAS: So you're sustaining the

Page 781

1      Ms. O. Genger - Cross/Mr. Dellaportas
2   objection your Honor.
3      THE COURT: No objection. I concluded sometime ago
4   this afternoon that is, based on your bringing to my
5   attention the fact that the agreement precluded any of that
6   money from going to the Orly Trust because that was included
7   in order to preserve a claim for damages within the
8   framework of this litigation now let's move on.
9   Q   Now you had brought that case on behalf of the Orly
10  Trust correct?
11     MR. BOWEN: Objection.
12     THE COURT: Counsel, whoever was a plaintiff in
13  that case was a plaintiff in that case.
14  Q   And you're bringing this case on behalf of the Orly
15  Trust?
16     THE COURT: That's correct.
17  Q   Are you seeking money here on behalf of yourself or on
18  behalf of the Orly Trust?
19     ==THE COURT: As I understand it the plaintiff in==
20  ==this case is seeking money on behalf of the trust and==
21  ==derivatively on we half on behalf of the corporation. Let's==
22  ==move on.==
23     ==MR. BOWEN: That's correct, Judge.==
24     MR. DELLAPORTAS: There's no individual claims
25  pending.
26     MR. HERSCHMANN: Summary judgment --