# EMMET, MARVIN & MARTIN, LLP
### COUNSELLORS AT LAW

120 Broadway 32nd Floor
New York, New York 10271
212-238-3000

**www.emmetmarvin.com**

John Dellaportas
*Partner*
Tel: 212-238-3092
Fax: 212-238-3100  Fax (alt.) 212-406-6953
jdellaportas@emmetmarvin.com

September 17, 2021

**<u>Via ECF</u>**
Honorable James J. Garrity, Jr.
U.S. Bankr. Ct. for the Southern Dist. of N.Y.
One Bowling Green
New York, NY 10004

      Re:    *Piazza v. Oldner, et al.,* Adv. Pro. No. 21-01180 (JLG)
              *In re Orly Genger,* Chapter 7 Case No. 19-13895 (JLG)

Dear Judge Garrity:

      This firm represents Sagi Genger in connection with the above-referenced adversary proceeding. We write in response to yesterday's letter (Doc. 6) from Mr. Cavaliere, counsel to the Chapter 7 Trustee, in which he opposes an adjournment of the adversary proceeding.

      In his letter, Mr. Cavaliere writes that: "That action seeks to void the purported releases … [which] expressly state that they release all claims of OGT's 'beneficiary' – that is, Debtor's claims against them." Mr. Cavaliere further writes that: "Sagi himself, moreover, admitted in sworn testimony that he asked for the releases precisely because he wanted OGT to 'close out' *Orly's* claims against him and their mother." (Emphasis in original letter.)

      It is an ongoing frustration that the Chapter 7 Trustee and her counsel refuse to acquaint themselves with the most basic facts of this case. Here, it is <u>undisputed</u> that the dismissed state court claims to which the aforementioned testimony refers (and for which Orly's right to appeal has subsequently expired) were derivative claims brought not by Orly in her own stead but rather expressly on behalf of D&K Limited Partnership and the Orly Genger 1993 Trust, each of which is a separate estate over which the Chapter 7 estate has no control.

      Indeed, the Appellate Division, First Department held, in a prior appeal in the same case, that those claims were "**derivative claims that plaintiff asserts on behalf of Orly Trust**." *Genger v. Genger*, 120 A.D.3d 1102, 1104 (1st Dep't 2014) (emphasis added). Subsequently, at the 2016 trial in that same action (which trial Orly went on to lose), her counsel, Michael Bowen, had the following exchange with the bench:

> **THE COURT:**    As I understand it the plaintiff in this case is seeking money on behalf of the trust and derivatively on … on behalf of the corporation. …
>
> **MR. BOWEN:**    That's correct, Judge.  (Exh. A.)

NEW YORK, NEW YORK • MORRISTOWN, NEW JERSEY

EMMET, MARVIN & MARTIN, LLP                                                                                                2

      As a matter of black-letter law, the trustee of a trust may settle or release claims that the trust owns without violating the automatic stay, even if the debtor is a beneficiary. In *In re Markel*, 2001 WL 182579, *1 (Bankr. M.D. Fla. Sept. 5, 2001), for example, a debtor moved to enjoin the trustee of a non-spendthrift trust, to which the debtor was a beneficiary, from settling a litigation because that "the Trust property is part of his bankruptcy estate, and the automatic stay prevents the trustee from settling the Claim." The Bankruptcy Court disagreed and rejected the debtor's motion, first explaining that: "Trust interests are not property of a Debtor's estate when the trust has a valid spendthrift provision." *Id.* at *2.

      As the Court further explained, even in a *non*-spendthrift trust:

> Section 362(a)(3) … imposes an automatic stay upon "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." … The Debtor's one-third remainder interest in the Trust *res* is property of the Debtor's estate, and not the actual property composing the Trust, *i.e.,* the Claim. The automatic stay applies only to property of the estate. … <u>The trustee may settle the Claim because it constitutes the *res* of the Trust and not the Debtor's remainder interest in the Trust</u>.

2001 WL 182579 at *2 (emphasis added). Here, Orly's interest in her spendthrift trust is not property of the Debtor's estate. Even if it were, the derivative claims she brought against Sagi on behalf of that trust are property of the trust and not the Chapter 7 estate, and consequently its trustee, Mr. Oldner, may settle or release those claims.

      In sum, the Debtor's adversary proceeding is completely frivolous, as it is premised on a legal theory that is not warranted by existing law nor by a nonfrivolous argument for reversing existing law, but rather is brought in disregard of a controlling First Department ruling. As such, it would be counterproductive to divert the Court's attention with this proceeding while far more important motions in this bankruptcy case are *sub judice*.

      We thank the Court for its consideration.

                                                                             Respectfully,

                                                                            John Dellaportas

cc:    All Counsel of Record (via ECF)