# GLENN AGRE BERGMAN & FUENTES LLP

Michael Paul Bowen
mbowen@glennagre.com
55 Hudson Yards, 20th Floor
New York, NY 10001
o: (212) 358-5600
m: (914) 319-1827

September 20, 2021

<u>Via ECF</u>
Hon. James L. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 601
New York, New York 10004

  Re: *Piazza v. Oldner, et al.*, Adv. Pro. No. 21-01180 (JLG);
    *In re Orly Genger*, Case No. 19-13895-JLG

Dear Judge Garrity:

  On behalf of Debtor Orly Genger, I am compelled to correct Sagi Genger's September 16, 2021 letter (Doc. 7), in which Mr. Dellaportas misleadingly cites a comment I made during colloquy with the court in a 2016 damages inquest in one of Orly's state actions against Sagi. He claims my exchange with that court shows Orly acted in the state actions solely on behalf of the Orly Genger 1993 Trust. That is incorrect. The pleadings themselves refute that claim. As even the caption shows, Orly brought the action in her individual capacity as well as derivatively on behalf of the Trust and another entity.

  In the very action from which Mr. Dellaportas takes his excerpt out of context, the state court awarded judgment to Orly *personally* rather than grant replevin, which would have returned ownership interest to entities in which she held beneficial interest. *Genger v. Genger*, 2016 WL 1407903, at *13-14 (Sup. Ct., NY Cnty. April 8, 2016) ("Notwithstanding [Orly's] demonstration of her right to replevin of the TPR shares to the LP, the return of the shares will effectively resume an acrimonious relationship," and so "damages arising from defendants' breach of fiduciary duties or an evaluation of the subject shares will be determined or fixed in lieu of returning such shares"), *aff'd,* 147 A.D.3d 443 (1st Dep't 2017) (judgment in favor of Orly upheld, "notwithstanding that the court directed that the value of the shares would be awarded rather than ordering the return of the shares"). (He is also wrong about the right to appeal having expired; but that is a matter for the New York courts.)

  Rather than perpetuate this argument in epistolary form, I submit these letters have veered from Mr. Oldner's request for a court conference into the merits – which just shows that the pleadings should be joined so the merits can be adjudicated in an orderly fashion on a properly developed record.

GLENN AGRE BERGMAN & FUENTES LLP

Hon. James L. Garrity, Jr.
September 20, 2021
Page 2 of 2

                Respectfully submitted,

                /s *Michael Paul Bowen*

cc:  All Counsel (via ECF)