# EMMET, MARVIN & MARTIN, LLP
## COUNSELLORS AT LAW



120 Broadway 32nd Floor
New York, New York 10271
212-238-3000

**www.emmetmarvin.com**

John Dellaportas
*Partner*
Tel: 212-238-3092
Fax: 212-238-3100  Fax (alt.) 212-406-6953
jdellaportas@emmetmarvin.com

September 23, 2021

**<u>Via ECF</u>**
Honorable James J. Garrity, Jr.
U.S. Bankr. Ct. for the Southern Dist. of N.Y.
One Bowling Green
New York, NY 10004

Re:     *Piazza v. Oldner, et al., Adv. Pro. No. 21-01180 (JLG)*

Dear Judge Garrity:

This firm represents Sagi Genger in connection with the above-referenced adversary proceeding.  We write to respond to: (a) the September 20, 2023 letter from Mr. Bowen, counsel to the debtor, in which Mr. Bowen falsely represents to the Court that the state court claims the debtor asserted against Sagi/TPR in Index No. 109749/2009 were brought in her "individual capacity" (Doc. 9); and (b) the September 22, 2021 letter from Mr. Cavaliere, counsel to the Chapter 7 Trustee (Doc. 11), to the extent he "join[s] in Mr. Bowen's letter.

It is one thing for Mr. Cavaliere to not be acquainted with the facts of the prior Genger litigations, in which he played no direct role.  It is quite another for Mr. Bowen, who directly litigated those matters, to make such extraordinary misrepresentations.  What we are witnessing here is an attempt to retroactively recharacterize claims, long dismissed by the state court, in order to continue a process of abusing the bankruptcy system.

Mr. Bowen tries to confuse this Court by citing to an interim state court decision in the aforementioned case, *Genger v. Genger*, 2016 WL 1407903 (Sup. Ct., NY Cnty. April 8, 2016), *aff'd*, 147 A.D.3d 443 (1st Dep't 2017), in which the court granted partial summary judgment of liability on the First, Seventh and Eighth Causes of Action in the Second Amended Complaint.  None of the three claims even purported to be brought on behalf of Orly personally.  Rather, as the Court can see from the pleading (Exh. A), the First Cause of Action was brought "on behalf of the Orly Trust and D&K," the Seventh Cause of Action was brought "on behalf of the Orly Trust," and the Eighth Cause of Action was brought "on behalf of D&K."

As we noted in our prior letter (Doc. 8), at the damages trial stemming from that finding of liability, the presiding judge directedly inquired: "As I understand it the plaintiff in this case is seeking money on behalf of the trust and derivatively … on behalf of the corporation." To which Mr. Bowen responded: "That's correct, Judge."  Mr. Bowen now claims this cite is "misleading," yet he never explains **<u>how</u>** it is misleading.  That is because there is nothing misleading about it. Our letter included the judge's precise question and Mr. Bowen's entire answer.  The letter also appended the preceding pages from the transcript, so that this Court could read the entire context. Mr. Bowen merely confirmed to the judge what was in his client's pleading.

EMMET, MARVIN & MARTIN, LLP                                                                2

       Moreover, nowhere in the language Mr. Bowen quotes from the state court decision does the state court recharacterize the derivative claims as direct.  That is because the nature of those claims was not in dispute.  The Appellate Division had previously held the claims to be "derivative" (*Genger v. Genger*, 120 A.D.3d 1102, 1104 (1st Dep't 2014)).  Rather, in the quoted language, the state court merely decided that monetary damages were more appropriate than equitable relief (replevin).  Such damages, had they been awarded, would have gone to the real plaintiffs on whose behalf the debtor was bringing suit, namely, D&K and/or the Orly Trust. Following a trial, however, the state court ruled that there were no damages because no party had suffered any harm, and therefore entered a final judgment in favor of Sagi and TPR on all counts/ Contrary to Mr. Bowen's statement, the appeal from that judgment was never stayed, and the time to prosecute an appeal from that ruling has long since expired.  The Appellate Division held as much in directing the Trustee's appeal from the same judgment in Dalia's favor to go forward over the "automatic stay"-based objections of the Trustee. *See* Exh. B.

       In sum, the adversary proceeding is brought in disregard of a controlling First Department ruling, the debtor's verified pleading, and her counsel's statement in open court.  At this point, the chronic misrepresentations to this Court by both Messrs. Bowen and Cavaliere warrant sanction.  It is particularly disheartening that counsel to the Trustee is consistently derelict in investigating accusations before making them.  Should the letters not be corrected, an appropriate motion will be made to remediate this ongoing issue.

                                     Respectfully,

                                     John Dellaportas

cc:     All Counsel of Record (via ECF)

**<u>EXHIBIT A</u>**

SUPREME COURT: NEW YORK COUNTY

| | |
|---|---|
| ORLY GENGER in her individual capacity and on behalf of the Orly Genger 1993 Trust (both in its individual capacity and on behalf of D & K Limited Partnership), <br><br> Plaintiff, <br><br> - against - <br><br> DALIA GENGER, SAGI GENGER, LEAH FANG, D & K GP LLC, and TPR INVESTMENT ASSOCIATES, INC., <br><br> Defendants. | Index No.: 109749/09 <br><br><br> **SECOND AMENDED VERIFIED COMPLAINT** |

Plaintiff Orly Genger in her individual capacity and on behalf of the Orly Genger 1993 Trust (both in its individual capacity and on behalf of D & K Limited Partnership), by her attorneys, Zeichner Ellman & Krause LLP, alleges, upon information and belief, for her Second Amended Verified Complaint against the defendants in this action as follows:

## NATURE OF THE ACTION

1.       As described below, Dalia and Sagi Genger, together with various business entities controlled by them and Leah Fang, engaged in a fraud and conspiracy designed to completely loot the Orly Genger 1993 Trust (the "Orly Trust") of its value. The defendants' various acts of self-dealing, material misrepresentations, and material omissions, in breach of their respective fiduciary duties and in violation of New York law, injured Orly Genger, the Orly Trust, and D & K Limited Partnership.

that it was converting the above-mentioned motions to dismiss into motions for summary judgment pursuant to CPLR 3211(c).

97. On November 24, 2009, Orly filed her omnibus opposition to the converted motions for summary judgment. Sagi, Dalia, D&K GP and TPR each submitted papers in further support of their converted motions for summary judgment on or about December 28, 2009.

98. By his Amended Decision and Order dated July 28, 2010 (the "Decision and Order")[7], the Honorable Paul G. Feinman ruled that Orly had stated valid causes of action against Sagi, Dalia, D&K GP and TPR as set forth below. Judge Feinman's Decision and Order further directed Orly to serve this Second Amended Complaint upon Sagi, Dalia, D&K GP, TPR and Fang pursuant to the aforementioned Decision and Order and New York Civil Practice Law and Rules. A copy of the Decision and Order is attached as **Exhibit 28**.

**FIRST CAUSE OF ACTION**
**(Claim for Breach of Fiduciary Duty On Behalf of the Orly**
**Trust and D&K Against Sagi and D&K GP)**

99. Plaintiff repeats and realleges the allegations in paragraphs 1 through 98.

---

[7] The Amended Decision and Order amended and superseded Judge Feinman's earlier June 28, 2010 Decision and Order addressing Defendants' converted motions.

## SEVENTH CAUSE OF ACTION
### (Claim for Declaratory Relief and Damages Pursuant to NY UCC §§ 9-627, 610, 611-614 On Behalf of the Orly Trust Against TPR)

158.   Plaintiff repeats and realleges the allegations in paragraphs 1 through 157.

159.   TPR orchestrated a sham sale that purported to dispose of D&K's Pledged Shares.   However, the sale of these Pledged Shares was not "commercially reasonable" within the meaning of NY UCC Article 9.

160.   Upon information and belief, TPR failed to send timely authenticated notification of disposition of the Pledged Shares to the Orly Trust, or its beneficiary Orly, in violation of NY UCC §§9-611(c)(2) and 9-612(b).   Although aware of her financial interest in D&K and the Pledged Shares, TPR made no attempt to contact Orly to inform her of the UCC sale.

161.   As a secondary obligor under the Note, the Orly Trust had a right to be given notice of the sale of the Pledged Shares.   TPR's failure to send proper authenticated notification to either the Orly Trust or Orly is commercially unreasonable.

162.   Further, the purported sale price for D&K's Pledged Shares ($2,200,000) was only a fraction of the original purchase price for the shares ($10,200,000).   Moreover, the sale price did not take into account the $27 million potentially received by TPR from the purported sale of TRI stock to the Trump Group, or

the substantial dollar value of TRI. Similarly, the sale price did not take into account TPR's limited partnership interest in Riverside Properties (Canada) LP, an entity which owns extremely valuable residential real estate complexes in Canada.

163. Due to TPR's and Sagi's failure to proceed in accordance with UCC Article 9, Part 6, the Orly Trust is entitled, under NY UCC §9-625(b), to the recovery of the loss caused by such noncompliance.

**EIGHTH CAUSE OF ACTION**
**(Claim for Conversion and Replevin On Behalf of D&K Against TPR)**

164. Plaintiff repeats and realleges the allegations in paragraphs 1 through 163.

165. Around December 1993, D&K purchased the Pledged Shares.

166. Pursuant to this purchase, D&K had a possessory right and interest in the Pledged Shares at the time when TPR (controlled by Sagi) conducted the "auction" of those shares and took possession of those shares through an unlawful act of conversion.

167. Although TPR currently has possession of the Pledged Shares, TPR has no lawful right to possess or control those shares.

168. On July 2, 2009, Orly, acting on behalf of the Orly Trust, in turn acting on behalf of D&K, made a demand to TPR for recovery of the Pledged Shares. A copy of the July 2, 2009 demand letter is attached hereto as Exhibit 27.

**EXHIBIT B**

**Error! Unknown document property name.**

Present - Hon. Barbara R. Kapnick,          Justice Presiding,
Cynthia S. Kern
Anil C. Singh
Peter H. Moulton
Lizbeth González,                           Justices.


---------------------------------------X
Orly Genger in her Individual Capacity
and on behalf of the Orly Genger 1993
Trust (both in its individual capacity
and on behalf of D&K Limited
Partnership)                                                          M-2357
Plaintiff-Appellant,                            M-2358
M-2511
-against-                                                  M-2512
Index No. 109749/09
Dalia Genger,
Defendant-Respondent,

Sagi Genger, Leah Fang
D & K GP LLC, and TPR Investment
Associates, Inc.,
Defendants.
---------------------------------------X

Appeals having been taken to this Court from two orders of the Supreme Court, New York County, entered on or about August 9, 2019 (Case No. 2020-1941) and October 4, 2019 (Case No. 2020-1940),

And plaintiff-appellant Deborah J. Piazza, the successor Chapter 7 Trustee of the Estate of Orly Genger, having moved, in identical motions, for extensions of time in which to perfect the aforementioned appeals, with leave to seek additional extensions if necessary (M-2357 and M-2358),

And defendant-respondent Dalia Genger, having cross-moved, in identical cross motions, to dismiss the appeals (M-2511 and M-2512),

Now, upon reading and filing the papers with respect to the motions and cross motions, and due deliberation having been had thereon,

It is ordered that plaintiff-appellant's motions (M-2357 and M-2358), are granted to the extent of extending the time in which to perfect the appeal taken from the October 4, 2019 order (Case No. 2020-1940) to the February 2021 Term of this Court, and are otherwise denied, and

It is further ordered that defendant-respondent's cross motions (M-2511 and M-2512) are granted to the extent of dismissing  the appeal taken from the August 9, 2019 order (Case No. 2020-1941), and otherwise denied.

ENTERED: September 10, 2020

_____
CLERK