IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| ORLY GENGER, | § | CASE NO. 19-13895-jlg |
| | § | |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| DEBORAH J. PIAZZA, as Successor CHAPTER 7 TRUSTEE, of the Bankruptcy Estate of Orly Genger, | § § § | ADV. PRO. NO. 21-01180-jlg |
| | § | |
| Plaintiff, | § | |
| | § | |
| -against- | § | |
| | § | |
| MICHAEL OLDNER, THE ORLY GENGER 1993 TRUST, RECOVERY EFFORT INC., SAGI GENGER, THE SAGI GENGER 1993 TRUST, DALIA GENGER, ELANA GENGER, DAVID PARNES, D&K GP LLC, TPR INVESTMENT ASSOCIATES, INC., MANHATTAN SAFETY MAINE, INC and JOHN AND JANE DOES 1-100, | § § § § § § § § § § | |
| Defendants. | § | |

**SAGI GENGER 1993 TRUST'S MOTION TO DISMISS
FOR IMPROPER SERVICE OF PROCESS**

Defendant Sagi Genger 1993 Trust ("Movant") respectfully submits this memorandum of law in support of its motion, pursuant to Federal Rules of Civil Procedure 12(b)(2), (4) and (5), made applicable herein by Federal Rule of Bankruptcy Procedure Rule 7012(b), to dismiss the Complaint as against Movant for improper service of process.

Movant is a trust based in the Cook Islands, a self-governing island nation in the South Pacific Ocean, in free association with New Zealand. As reflected on the Affidavit of Service

filed by the plaintiff, Chapter 7 Trustee Deborah Piazza ("Plaintiff"), service on Movant's trustee purportedly was made "by Federal Express for overnight delivery to the last known mailing address on: The Sagi Genger 1993 Trust, c/o Cook Islands Trust Corporation Limited, First Floor, BCI House, Avura District, Rarotonga, Cook Island." Doc. 3. As set forth below, such service was improper under the Federal Rules. Consequently, personal jurisdiction over Movant is lacking. *See Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").[1]

When a party moves to dismiss for insufficiency of service of process, the "plaintiff bears the burden of proving its adequacy." *Beatie and Osborn, LLP v. Patriot Scientific Corp.,* 431 F.Supp.2d 367, 384 (S.D.N.Y. 2006). Service on entities outside the United States is governed by Federal Rule of Civil Procedure 4(f), made applicable to this case by Federal Rule of Bankruptcy Procedure 7004(a)(1). The Cook Islands is not a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters or similar treaty, and thus Rule 4(f)(1) does not apply. Therefore, service may only be accomplished on Movant's trustee pursuant to Rule 4(f)(2) or Rule 4(f)(3).

---

[1] Personal jurisdiction over Movant is also lacking because, even were service proper, Plaintiff would not be able to establish either general or specific jurisdiction over Movant, which is neither based in New York, nor conducts any business in New York, nor has any beneficiary who resides in New York, nor is alleged to have undertaken any affirmative act in New York (or elsewhere). *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (limiting general jurisdiction to situations where forum state is "fairly regarded as home" for corporation) (citation omitted); CPLR 302 (codifying New York's long-arm specific jurisdiction test requiring transacting of business or committing of tortious act within New York State). Movant reserves the right to formally move to dismiss on this ground, should service ever be properly made. For now, because of improper service, this issue is premature. *See, e.g., Armed Forces Bank NA v. Dragoo,* 2017 WL 11237565, *3 (D. Az. 2017) (holding that "[t]he absence of proper service means there is no need to address [plaintiff's] personal jurisdiction arguments").

In relevant part, Rule 4(f)(2) requires that, if there is no international agreement, service must be made: (1) as prescribed by the foreign country's law; (2) as the foreign authority directs in response to a letter rogatory or letter of request; or (3) unless prohibited by the foreign country's law, by delivering a copy of the summons and of the complaint to the individual personally using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt. *See* Rule 4(f)(2)(A)-(C). In addition, Federal Rule of Bankruptcy Procedure 7004(b) provides for service by first class mail; however, that only applies to service "within the United States" and accordingly is inapplicable here.

Plaintiff has not undertaken service on Movant's trustee through any of these permissible means. First, service has not been made as prescribed by the foreign court's law. The Cook Islands Code Of Civil Procedure ("CICOCP") -- a copy of which is annexed hereto for the Court's reference -- governs service of process upon Cook Islands entities. Rule 75 of the CICOCP provides that: "Except as otherwise provided by these rules, the Registrar shall serve, or cause to be served, all processes issued by him or sent to him for service from another Court." Rule 2, in turn, defines "Registrar" to mean "the Registrar of the High Court, and includes a Deputy Registrar." This indicates that service of process must go through the Registrar or Deputy Registrar for approval. That has not happened here.

Nor has Plaintiff made service through a letter rogatory. Nor has Plaintiff established FedEx service is otherwise permitted under Cook Islands law. Nor has Plaintiff sought leave of this Court for alternative service under Rule 4(f)(3), which provides that a court may direct service on foreign party "by other means not prohibited by international agreement." Such court-ordered service would not be appropriate here in any event, as courts typically require that, prior to obtaining an order for alternate service under Rule 4(f)(3), a party must show that it has

-3-

"reasonably attempted to effectuate service on the defendants, and that the circumstances are such that the district court's intervention is necessary." *Madu, Edozie & Madu, P.C. v. SocketWorks, Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010). The purpose of this is to "prevent parties from whimsically seeking alternate methods of service and thereby increasing the workloads of the courts." *Id.* at 115-116.

In this case, Plaintiff claims to have served Movant by FedEx, but does not have any basis to claim that this was effective service. First, it has not made any attempt to serve Movant pursuant to Rule 4(f)(2), and therefore cannot show any need for relief under Rule 4(f)(3). Second, Plaintiff did not get authority from the Court beforehand to serve Movant pursuant to Rule 4(f)(3), and therefore the Court has not directed Plaintiff that it may use an alternative method under that rule. Finally, Plaintiff cannot even show that its attempted service comports with due process, because the FedEx package was not directed to a proper officer of the Cook Islands Trust Corporation Limited authorized to accept service on behalf of Movant. *See Fujitsu Ltd. v. Nanya Technology Corp.*, 2007 WL 484789 at *5 (service on Taiwanese corporation under Rule 4(2)(f) held improper where mail was delivered to receptionist, and personal service upon manager of corporation was not effectuated).

Therefore, service cannot be effective, on Movant because Plaintiff has not followed the proper procedure under Cook Islands law to serve Movant, and because Plaintiff neither asked for, nor received, permission to attempt service under Rule 4(f)(3). Under similar circumstances, courts have dismissed actions for lack of personal jurisdiction. *See, e.g., Armed Forces Bank NA v. Dragoo*, 2017 WL 11237565, **4-6 (D. Az. 2017) (granting dismissal and quashing service on Cook Islands defendant where plaintiff failed to comply with service requirements of Cook Islands Code of Civil Procedure). The same remedy is warranted here.

## CONCLUSION

Accordingly, the Complaint should be dismissed as against Movant.

Dated: September 27, 2021  
       New York, New York

**EMMET, MARVIN & MARTIN, LLP**

By: */s/ John Dellaportas*  
John Dellaportas, Esq.  
Emmet, Marvin & Martin, LLP  
120 Broadway, 32nd Floor  
New York, New York 10271  
Tel.: 212-238-3000  
Fax: 212-238-3100  
jdellaportas@emmetmarvin.com

# COOK ISLANDS

## CODE OF CIVIL PROCEDURE OF THE HIGH COURT 1981

Chief Justice of the High Court of the Cook Islands

### ORDER IN EXECUTIVE COUNCIL

At Avarua, Rarotonga, this 11th day of December 1981.

Present:

HIS HONOUR THE CHIEF JUSTICE OF THE HIGH COURT OF THE COOK ISLANDS IN EXECUTIVE COUNCIL

PURSUANT to section 102 of the Judicature Act 1980-81 as substituted by Section 2 of the Judicature Amendment Act 1981 and with the concurrence of the Rules Committee, the Chief Justice of the High Court of the Cook Islands exercising the powers of the High Commissioner pursuant to Article 7 of the Constitution, acting by and with the advice and consent of the Executive Council hereby makes the following rules.

### ANALYSIS

Title

1. Short Title and commencement
2. Interpretation

### PART I - PRELIMINARY

3. Construction
4. Procedure and practice of Court
5. Non-compliance with rules
6. Forms
7. Intituling of forms

### PART II - OFFICES & SITTINGS

8. Court offices
9. Office hours
10. Court holidays
11. Closing or opening by special order

### PART III - RECORDS AND ACCOUNTS

12. Registrar to keep records and accounts
13. Books to be kept

14. Plaint-book
15. Originating-applications books
16. Minute-book
17. Civil -record book
18. Warrant-book
19. Foreign-process book
20. Search-book
21. Trust Account
22. Indexing
23. Searches

## PART IV - WHERE PROCEEDINGS MAY BE COMMENCED

24. Actions generally
25. Recovery of land
26. Partnership proceedings
27. Proceedings by or against Registrar
28. Originating applications
29. Other matters
30. Interlocutory applications
31. Proceedings in wrong Court
32. Filing by consent
33. Definition of nearest Court

## PART V - JOINDER OF CAUSES OF ACTION

34. Generally
35. Recovery of land
36. Order for separate hearing

## PART VI - PARTIES

37. Plaintiff not resident in the Cook Islands
38. Who may be joined as Plaintiffs
39. Action in name of wrong plaintiff
40. Who may be joined as defendants
41. Defendants interested in part of claim
42. Persons liable under one contract
43. Where plaintiff in doubt as to whom to sue
44. Misjoinder or non joinder
45. Representative proceedings persons under Disability
46. Infant
47. Next friend
48. Where Court may appoint next friend
49. Guardian ad litem
50. Appointment of guardian ad litem in the course of proceedings

51. Guardian's liability for costs
52. Substitution of guardian
53. Infant plaintiff coming of age
54. Power to set aside judgment or order where no guardian
55. Proceedings under judgment or order
56. Compromise or payment out in case of infants
57. Mentally defective persons

## Partners

58. Partners may sue and be sued in name of firm
59. Action not in firm's name
60. Action between a firm and its members
61. Business in another name

## Change of Parties

62. When proceedings not to abate
63. Failure to proceed on death of party
64. Order changing parties
65. Claim to money in Court where change in parties after judgment

## PART VII - COMMENCEMENT OF PROCEEDINGS ACTIONS

66. What proceedings are by action
67. Commencement of actions

## Matters

68. Originating Applications

## General

69. Proceedings commenced in wrong form

## PART VIII - STATEMENT OF CLAIM

70. Particulars
71. In case of Account
72. Hire-purchase
73. Where more than one cause of action
74. Further particulars

## PART IX - SERVICE

### Generally

75. Registrar to cause service
76. Service on the Solicitor General in proceedings against the Crown
77. Personal service
78. When process may not, be served or executed
79. Substituted service
80. Service at a distance
81. Notice of service
82. Notice of non-service
83. Enlargement of summons
84. Proof of service

Mode of Service in Particular Cases

85. Solicitor accepting service
86. Service on infant
87. Mentally defective person
88. Husband and Wife
89. Service on members of a firm
90. Person sued in firm's name
91. Affidavit of service on partner or person sued as a firm
92. Defendant on board ship
93. Soldier or airman
94. Defendant in prison
95. Corporations
96. Person out of the Cook Islands
97. Summons for recovery of land

Service of Particular documents

98. Ordinary summons
99. Originating applications
100. Other documents
101. Renewal of summons

PART X - ORDINARY ACTIONS

Confession, Defence and Counter-claim

102. Confession
103. Defence
104. Set-off by way of defence
105. Defence where plaintiff sues on behalf of others
106. Where all persons liable not joined
107. Defence not a waiver
108. No fear payable on filing confession or defence

338. Rehearing
339. Orders of Court
340. No restriction on Court to make interlocutory orders
341. Application for investigation of title
342. Land to be surveyed
343. Survey plans
344. Claims to be lodged with Registrar
345. Court may require further information before hearing
346. Applicant may be required to produce list of names of claimants
347. Application to determine relative interests
348. Application for partition order
349. Application for exchange order
350. Application for succession
351. Application for confirmation
352. Order of confirmation
353. Persons under disability
354. Injunctions
355. Pecuniary claims
356. Roads
357. Summons to witnesses
358. Agent
359. Appointment of receiver
360. Certified copy of order
361. Service of documents
362. Fees

## PART XXXIV - JURISDICTION OF JUSTICES OF THE PEACE

363. Application of rules in respect of Justices of the Peace

## PART XXXV - MISCELLANEOUS

364. Application of Rules Schedule

----------------

## RULES

1. <u>Short Title and commencement</u> - (1) These rules may be cited as the Code of Civil Procedure of the High Court 1981.

(2) These rules shall come into force on the 1st day of January 1982.

2. <u>Interpretation</u> - In this Act, unless the context otherwise requires, -

"The Act" means the Judicature Act 1980-81;

"Address for service" means the address of a place where any document may be left for the party giving the address;

"Affidavit" includes an affirmation;

"Civil proceedings", in relation to the Crown, has the same meaning as in the Crown Proceedings Act, 1950;

"Copy", in relation to any document issued out of the office of the Court, means a duplicate or photocopy of the original signed by the person who signed the original, and, if the original is required to be sealed, means a sealed duplicate or photocopy of the original signed as aforesaid; and includes a copy certified as such by the Registrar under the seal of the Court;

"Court", means the High Court of the Cook Islands established under the Constitution;

"The Crown" has the same meaning as in the Crown Proceedings Act, 1950;

"Defendant" includes every party served with any summons or process, or served with the notice of or entitled to attend any proceedings otherwise than as a plaintiff; and "respondent" has a corresponding meaning;

"Foreign Court" meant the Court to which any process is sent by another Court;

"Goods" includes all chattels personal;

"Home Court" means the Court from which any process is originally issued;

"Judge" means a Judge appointed under the Constitution; and includes the Chief Justice;

"Mentally defective person" means a person who, owing to his mental condition, requires oversight, care or control for his own good or in the public interest;

"Minister of Justice" means the Minister charged with the responsibility of the Department of Justice under Article 16 of the Constitution;

"Oath" includes affirmation; and to "swear" has a corresponding meaning;

"Order" means the final decision of the Court in a matter; and includes any decision of the Court, not being a judgment or other final decision and any proceedings;

"originating process" means -

    (a) The summons in an action or in garnishee or interpleader proceedings; or

    (b) An originating application:

"Plaintiff" includes every person asking any relief against any other person by any form of proceeding; and

"Applicant" has a corresponding meaning;

"Registrar" means the Registrar of the High Court, and includes a Deputy Registrar;

Expressions used in these Rules defined in the Act have the meanings so defined and expressions in the Rules defined in the Cook Islands Act 1915 have the meanings so defined:

A reference to a numbered form is a reference to the form so numbered in the Schedule to these rules:

References to actions or proceedings for the recovery of land or chattels shall be construed as including actions or proceedings against the Crown for an order declaring that the plaintiff is entitled as against the Crown to the land or chattels or to the possession thereof.

## PART I - PRELIMINARY

3. <u>Construction</u> - These rules shall be so construed as to secure the just, speedy, and inexpensive determination of any proceeding.

4. <u>Procedure and practice of Court</u> - (1) Subject to the provisions of this Part, no practice which is inconsistent with these rules shall prevail in the Court.

(2) If any case arises for which no form of procedure has been provided by the Act or the Cook Islands Act 1915 or these rules, the Court shall dispose of the case as nearly as may be practicable in accordance with the provisions of the Act or Cook Islands Act 1915 or the rules affecting any similar case, or in such manner as the Court deems best calculated to promote the ends of Justice.

5. <u>Non-compliance with rules</u> - Non-compliance with any of these rules shall not render void the proceedings in which the non-compliance has occurred, unless it is expressly so provided in these rules; but the proceedings may be set aside, either wholly or in part, as irregular, or amended or otherwise dealt with on such terms as to costs and otherwise as the Court thinks fit.

6. <u>Forms</u> - (1) where any form in the Schedule hereto is prescribed or authorized to be used, such variations may be made therein as the circumstances of any particular case may require.

(2) Every summons, order, writ, warrant, notice or other document issued out of the Court under the hand of a Judge or Registrar shall be sealed with the seal of the Court.

7. <u>Intituling of forms</u> - (1) In any plaint note or other originating document, or in any statement of claim, summons to defendant or sub-debtor, third party notice, Judgment, order, or warrant the

    (b) Stay all proceedings until the order has been obeyed and order the action to be dismissed unless the order is obeyed within such further time as the Court may allow.

(3) This rule shall, with the necessary modifications, apply to a counterclaim as it applies to a statement of claim.

## PART IX - SERVICE

### Generally

75. <u>Registrar to cause service</u> - Except as otherwise provided by these rules, the Registrar shall serve, or cause to be served, all processes issued by him or sent to him for service from another Court.

76. <u>Service on the Solicitor-General in proceedings against the Crown</u> - In any civil proceedings against the Crown that are instituted against the Solicitor-General, and in any civil proceedings to which the Crown is joined by joining the Solicitor-General as a party or third party, all documents required to be served on the Solicitor-General shall be served in accordance with section 16 of the Crown Proceedings Act, 1950.

77. <u>Personal service</u> - (1) Subject to the provisions of these rules, where by any Act or rule personal service of any document is required for the purposes of any proceedings in the Court, or before any Judge, the provisions of this rule shall apply.

(2) Service shall be effected -

    (a) By delivering the document to the person to be served or by bringing it to his notice if he refuses to accept it; or

    (b) By sending the document to be served by registered letter addressed to the person to be served at his last known or usual place of abode.

(3) Where service is to be effected by registered letter under this rule, the document shall be served by an officer of the Court.

(4) In any other case, the document may be served -

    (a) By an officer of the Court or constable; or

    (b) By a party to the proceedings or some person in his employment; or

    (c) By a solicitor to a party or a solicitor acting as an agent for that solicitor, or by some person employed by either solicitor to serve the document.

(5) Notwithstanding anything contained in subclause (3) or subclause (4) of this rule, any Judge or the Registrar may, if he thinks fit, require, any particular document to be served by an officer of the Court or a constable.

78. <u>When process may not be served or executed</u> - No process shall be served or execute on any pubic holiday as prescribed in the Public Holidays Ordinance 1949. If any process is so served or executed, the service or execution shall be void and have no effect.

79. <u>Substituted service</u> - (1) Where for any sufficient reason persons service of any document cannot be effected in the manner prescribed by these rules, the Court may, on such terms and conditions as it thinks fit, make an order giving leave for steps to be taken to bring the document to the knowledge of the person to be served by advertisement or in some other manner.

(2) Where any such order has been carried out, the steps taken may be called substituted service, and such service shall have the same effect as personal service.

80. <u>Service at a distance</u> - (1) Where, having regard to the place where a document is required to be served, the Registrar considers that service may be more conveniently effected by an officer of another Court or by some constable, he shall send the document to the Registrar of the foreign Court or to the constable for service.

(2) The Registrar of the foreign court shall forthwith -

    (a) Either serve the document or deliver to the officer of his Court for service or, where necessary, send it to a constable for service; or

    (b) Serve the document by registered letter in accordance with Rule 77 (2) (b) hereof.

(3) Any Court officer or constable required to serve the document shall return a copy to the Registrar from whom he received it together with proof of service or with a note of the fact that it has not been served and from what cause.

(4) When a summons is sent by a Registrar to a foreign Court for service the Registrar shall enter on the plaint-note the date on which it is sent, the name of the foreign Court, and the date of return.

81. <u>Notice of service</u> - Where a summons has been served by a Court officer or a constable or by registered letter, the Registrar of the Court in which the summons was issued shall send notice to the plaintiff in the form No. 17.

82. <u>Notice of non-service</u> - (1) Where a summons to be served cannot be served or cannot be served in time, the Court officer or constable required to serve it shall return it to the Registrar of his Court with a notice in the form No. 18.

(2) Where a summons is returned not served by a Court officer or constable or through the Post Office, the Registrar of the Court of issue shall send to the plaintiff a notice in the form No. 19.

83. <u>Enlargement of summons</u> - Whenever a summons or other process has not been served within the prescribed time the Registrar, on request, may enlarge the hearing by striking out the original date of hearing, inserting the new date, and placing his initials in the margin opposite the alteration, or may issue a new summons or process bearing the same date as the original.

84. <u>Proof of service</u> - (1) The service of any process or other document may be proved by an affidavit (in these rules referred to as an affidavit of service) in the form No. 20, or upon oath at the hearing.

(2) Where personal service is effected by registered letter the production of a receipt for the registered letter, given to a Post officer and signed or purporting to be signed by the person to whom the registered letter was addressed, shall be sufficient proof of such service.

Mode of Service in Particular Cases

85. <u>Solicitor accepting service</u> - Where a solicitor represents that he is authorized to accept service of any document on behalf of any party it shall be sufficient to deliver the document to him if he signs a memorandum stating that he accepts service thereof on behalf of that party.

86. <u>Service on infant</u> - Where an infant is a defendant, personal service on his father, mother, or guardian, or, if none, then upon the person with whom the infant resides or under whose care he is, shall, unless the Court otherwise orders, be deemed good service on the infant:

Provided that the Court may, on application, order that service made or to be made on the infant shall be deemed good service.

87. <u>Mentally defective person</u> - Where a mentally defective person is a defendant, service on the person with whom the defendant resides or under whose care he is, shall, unless the Court otherwise orders, be deemed good service on the mentally defective person.

88. <u>Husband and wife</u> - Where a husband and wife are defendants, service shall be effected on each of them, unless the Court otherwise orders.

89. <u>Service on members of a firm</u> - (1) Where the persons to be served are sued as partners in the name of their firm, service may be effected -

   (a) Upon any one or more of the partners; or

   (b) At the principal place of the partnership business, or at the place of the partnership business nearest to the Court from which the process issued or in which the, document to be served is to be filed, upon any person having, or appearing to have at the time of service, the control or management of the business there.

(2) Service in accordance with the last preceding subclause shall be good service on the firm, whether any of the members are out of the Cook Islands or not:

Provided that if to the knowledge of the party effecting service the partnership has been dissolved before the commencement of the action, service shall be effected upon every person within the Cook Islands sought to be made liable.

90. <u>Person sued in firm's name</u> - Where a person carrying on a business in a name other than his own is a party to any action under that name, any document may be served either on him or at his principal place of business or the place of business nearest to the Court from which the document was issued on any person having, or appearing to have, at the time of service, the control or management of the business there.

91. <u>Affidavit of service on partner or person sued as a firm</u> - where any document is served under the provisions of Rule 89 or Rule 90 hereof, the affidavit of service shall state whether the person was served -

    (a) As a partner; or

    (b) As a person carrying on business in a name other than his own; or

    (c) As a person having, or appearing to have the control or management of the business; or

    (d) As a person having more than one of those capacities.

92. <u>Defendant on board ship</u> - Where a defendant is living or serving on board any vessel (including any vessel belonging to any of Her Majesty's Naval Forces), it shall be sufficient service to deliver the document to be served to the person on board who at the time of service is apparently in charge of the vessel.

93. <u>Soldier or airman</u> - where a person to be served is in any barracks, camp, or station while serving as a member of any of Her Majesty's Military or Air Forces, it shall be sufficient service to deliver the document to be served at the barracks, camp, or station to the Adjutant or to the officer for the time being in command of the unit or detachment to which the defendant belongs.

94. <u>Defendant in prison</u> - where a defendant is a prisoner it shall be sufficient service to deliver the document to be served to the Superintendent or other officer apparently in charge of the institution in which he is confined, who shall deal therewith in accordance with the prison regulations.

95. <u>Corporations</u> - In the absence of any statutory provision regulating service, service of any process or other document on any corporate body may be effected by delivering the process or document -

    (a) To the president, Chairman, or other principal officer of the corporate body, or to the secretary, clerk, or treasurer, or to any person performing the duties incidental to any of those offices; or

(b) To any person purporting to have charge of the affairs or business of the corporate body at its principal office or principal place of business or at the office or place of business nearest to the Court from which the process issued or in which the document is to be filed.

96. Person out of the Cook Islands - Where the person to be served is beyond the limits of the Cook Islands, if he has an agent in the Cook Islands authorized to sue and be sued on his behalf the document may, by leave of the Court, be served on the agent, subject to such terms and conditions as the Court thinks fit.

97. Summons for recovery of land - If in an action for the recovery of land the defendant cannot be found, or if his palace of residence is not known. or admission thereto cannot be obtained for the purpose of serving the summons, or if from any cause it is impracticable to serve the summons, the summons may be posted on some conspicuous part of the premises sought to be recovered not less than twenty-eight clear days before the day fixed for the hearing and such posting shall be deemed good service on the defendant.

## Service of Particular Documents

98. Ordinary summonses - (1) Subject to the provisions of any Act and of these rules, service of a summons shall be personal service in accordance with Rule 77 hereof.

(2) Service shall be effected -

(a) In the case of an action against the Crown, not less than thirty-five clear days before the day of hearing;

(b) In the case where the plaintiff commences an action by virtue of Rule 24(1)(b) and the defendant or one of the defendant resides or carries on business at an island other than the Island where such action is commenced, not less than twenty-eight days before the day of hearing;

(c) in any other case, not less than ten clear days before the day of hearing:

Provided that service maybe effected at any time before the day of hearing with the consent of the defendant or his solicitor, or if the plaintiff satisfies the Registrar by affidavit that the defendant is about to remove from the Cook Islands; but in every such case the Court may, in its discretion, and on such terms as it thinks fit, adjourn the hearing.

99. Originating applications - Subject to the provisions of any Act, and of these rules, service of an originating application shall be personal service in accordance with Rule 77 hereof. Service shall be effected not less than five clear days before the day of hearing in the case where all parties reside in the same Island and in all other cases not less than fourteen clear days before the day of hearing.

100. <u>Other documents</u> - Where in any proceedings in the Court any document other than a summons or originating application is to be served on any person, and no other mode of service is prescribed by any Act or rule, service may be effected -

    (a) In manner prescribed by these rules; or

    (b) By leaving the document at or sending it by prepaid registered post to the address for service.

101. <u>Renewal of summons</u> - (1) The time within which a summons in an ordinary action may be served shall, unless extended under the provisions of the next succeeding sub-clause, be limited to a period of twelve months from the issue of the summons.

(2) Where reasonable efforts have been made to serve the summons within the said period and service has not been effected, the Registrar may, on the request of the plaintiff, extend the time for a further period not exceeding twelve months or for successive periods not exceeding twelve months in each case, and shall in each such case mark the summons with the word "Renewed" and the date of the renewal, or he may issue a new summons:

Provided that no summons shall, without the leave of the Court, be extended for periods exceeding in the aggregate five years from the date of the issue of the summons.

(3) A request under subclause (2) of this rule may be made either within or after the expiration of any such period of twelve months as aforesaid.

## PART X - ORDINARY ACTIONS

### Confession, Defence, and Counter-claim

102. <u>Confession</u> - (1) A defendant in an action who admits his liability for the whole or any part of any claim may serve on the plaintiff and file in the Court office a confession in the form No. 20 or No. 21, whichever may be appropriate.

(2) Where the defendant files a confession for the whole of the claim the Registrar may, on the written request of the plaintiff, enter judgment accordingly. If in the case of a confession of part of the claim the plaintiff elects to accept the confession in satisfaction of his claim, the Registrar may, on the written request of the plaintiff made within forty-eight hours after the service on him of the confession, enter judgment accordingly. The plaintiff shall, forthwith after electing as aforesaid, notify the defendant that he has so accepted the confession.

(3) If the plaintiff does not so elect to accept the confession, he may proceed with his action, but it shall not be necessary for the plaintiff to prove any portion of the claim so confessed. Where in such case the plaintiff does not obtain judgment for more than the confession, he shall not be entitled to any costs of the action incurred after the service on him of the confession, and the Court may award to the defendant any costs incurred after his confession.