# POLLOCK | COHEN LLP

60 BROAD STREET, 24TH FLOOR
NEW YORK, NEW YORK 10004
(212) 337-5361

*CONTACT:*
Max Rodriguez
Max@PollockCohen.com
(646) 290-7509

October 18, 2021

**VIA ECF AND FEDERAL EXPRESS**

Hon. James L. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 601
New York, NY 10004

> Re:   *In re Orly Genger*, Chapter 7 Case No. 19-13895
> *Piazza v. Oldner et al.*, Adv. Case No. 21-ap-1180

Dear Judge Garrity:

We represent the Orly Genger 1993 Trust (the "Orly Trust"), by Michael Oldner, trustee, as well as Recovery Effort Inc. ("REI"), and Manhattan Safety Maine Inc. ("MSM") in the above-referenced adversary proceeding and bankruptcy. I write in response to Mr. Cavaliere's letter dated October 14, 2021 (ECF no. 22).

As Your Honor knows, counsel for the parties to this adversary proceeding appeared at a teleconference on September 30, 2021 to discuss potential paths to narrow and streamline the issues in dispute before the Court. These issues are laid out in detail in my prior letter to the Court dated September 14, 2021. (ECF no. 4.) At the September 30 conference, with the Court's assistance, Mr. Cavaliere and I seemed to agree in principle to a stipulation stating that (i) the August 2019 releases did not release direct claims (or potential direct claims) of the Debtor in her individual capacity; and (ii) the adversary complaint was accordingly amended to no longer include such claims as alleged violations of the automatic stay. Resolving this issue by stipulation would narrow and simplify motion practice in this case to one legal issue (already at issue in the pending 9019 motion): are claims asserted by the Debtor in her capacity as a beneficiary and/or on behalf of the Orly Trust property of the bankruptcy estate?

On October 12, 2021, I sent Mr. Cavaliere a proposed stipulation between defendants and the Trustee that simply and clearly addressed this issue, over which it seemed at the September 30 conference there was no dispute. Unfortunately, Mr. Cavaliere's revised proposed stipulation, reflected by the attachment to his October 14 letter, muddied the waters by conflating direct and derivative claims of the Debtor.

On October 14, 2021, before filing his letter, Mr. Cavaliere sent me his revised proposed stipulation by email. I responded, rejecting the revised proposed stipulation for the reasons explained above, and inviting further productive discussion to agree to a stipulation that resolves this issue.

Hon. James L. Garrity, Jr.
October 18, 2021
Page 2 of 2

      There doesn't appear to be any justiciable dispute on this issue because: (1) the Bankruptcy Trustee agrees (or seemed to) that Mr. Oldner cannot release Orly Genger's direct claims; (2) we contend that Mr. Oldner cannot and did not release her direct claims; and (3) the releasees do not believe that the Releases released them from direct claims by Orly Genger. Accordingly, there is no case or controversy with respect to that issue.

      If the parties cannot agree to a stipulation, we are prepared to resolve this and other issues in motion practice in response to the complaint by October 22, 2021.

      \*      \*      \*

Thank you for Your Honor's consideration in this matter.

                      Respectfully,

                      /s/ *Max Rodriguez*

                      Max Rodriguez