

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Rocco A. Cavaliere, Partner
Email: rcavaliere@tarterkrinsky.com
Phone: (212) 216-1141

October 19, 2021

**BY HAND AND ECF**

Honorable James L. Garrity, Jr.
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

      Re:    Piazza v. Oldner, et al., Adv. Pro. No. 21-01180 (JLG)
              In re Orly Genger, Chapter 7 Case No. 19-13895 (JLG)

Dear Judge Garrity:

      This letter briefly responds to the letter of Max Rodriguez dated October 18, 2021 [Dkt. No. 23].

      As reported to the Court on October 14, 2021 [Dkt. No. 22], the Trustee and counsel to the Orly Genger 1993 Trust were not able to come to terms on a form of stipulation in furtherance of Mr. Rodriguez's stated desire to "streamline the issues" in advance of motion practice. In advance of my letter to the Court, I delivered a copy of a proposed revised stipulation to Mr. Rodriguez and indicated at that time that I would be available to further discuss the revised stipulation early this week. Rather than engage me in a discussion, Mr. Rodriguez instead delivered the October 18th letter to the Court in which he purports to describe an "agreement in principle" discussed at the September 30th conference. To be clear, at the telephonic conference, I made it clear that the Trustee would accept any concessions by Mr. Rodriguez with respect to the scope of the August 15, 2019 postpetition releases. However, the Trustee waived no rights as it relates to damages or otherwise on any issue pertaining to the August 15, 2019 postpetition releases.

      Unfortunately, the initial stipulation sent to me on October 12, 2021, twelve days after the September 30th hearing, did not streamline the process, was too vague and potentially invited more litigation regarding its interpretation in the future. In the Trustee's view, Mr. Rodriguez's attempts to "streamline the issues" through multiple correspondence to the Court is more than

Honorable James L. Garrity
October 19, 2021
Page 2 of 2

two years too late. The various pending causes of action were listed in the Debtor's schedules as potential causes of action belonging to the estate. Even if the Defendants disagreed, case law dictates that when a party attempts to take steps that may violate the stay, they are required to seek relief from the Bankruptcy Court to obtain an order as to the scope of the automatic stay. The record is clear that this was not done, which leads us to address the issues in the adversary proceeding context that Congress created, not through a letter writing campaign.

As the parties have not reached an agreement on a stipulation and counsel has indicated they are prepared to answer or move to dismiss the complaint by October 22, 2021, the Trustee respectfully requests that the Court cancel the pretrial conference in this matter originally scheduled for October 20, 2021 (when the answer deadline was originally September 27, 2021) and adjourn it to a date after the hearing to consider the Orly Genger 1993 Trust's (and any other party's) motion to dismiss. We look forward to analyzing the legal (and/or factual) support in the Orly Genger 1993 Trust's motion to dismiss, once filed, and exploring any a possible resolution in the future, if possible, in advance of any scheduled hearing on the motion to dismiss.

Please do not hesitate to contact me should Your Honor have any questions.

Respectfully submitted,

/s/Rocco A. Cavaliere

Rocco A. Cavaliere