**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* ORLY GENGER,<br><br>     Debtor. | Chapter 7<br><br>Case No. 19-13895 (JLG) |
| DEBORAH J. PIAZZA, as Successor CHAPTER 7 TRUSTEE of the Bankruptcy Estate of Orly Genger,<br><br>     Plaintiff,<br><br>v.<br><br>MICHAEL OLDNER, THE ORLY GENGER 1993 TRUST, RECOVERY EFFORT INC., SAGI GENGER, THE SAGI GENGER 1993 TRUST, DALIA GENGER, ELANA GENGER, DAVID PARNES, D&K GP LLC, TPR INVESTMENT ASSOCIATES, INC., MANHATTAN SAFETY MAINE, INC. AND JOHN AND JANE DOES 1-100<br><br>     Defendants. | Adv. Pro. No. 21−01180 (JLG) |

**DEBTOR'S JOINDER IN PLAINTIFF'S OBJECTION TO**
**DEFENDANTS' MOTION TO DISMISS OR STAY ACTION**

TO THE HONORABLE JAMES L. GARRITY JR.,
UNITED STATES BANKRUPTCY JUDGE:

Debtor Orly Genger submits this joinder in the objection filed by Plaintiff Deborah J. Piazza, as Successor Chapter 7 Trustee of the Bankruptcy Estate of Orly Genger, to the motion to dismiss or stay submitted by defendants The Orly Genger 1993 Trust (OGT), the purported OGT Trustee Michael Oldner, Recovery Effort Inc., and Manhattan Safety Maine, Inc., pursuant to Rule 12(b)(6) of the federal civil rules and Bankruptcy Rule 7012, as joined in by other defendants (the "Motion"), and states as follows:

## **JOINDER**

1.  Debtor is an interested party in this adversary proceeding. Defendants' unlawful Releases at issue in this action affect her claims in various underlying state actions against Sagi and Dalia as well as potential future claims against them and the other defendants. As such, Debtor joins in plaintiff's objection and arguments opposing dismissal.

2.  In each of the state actions at issue, Debtor acted in her individual capacity as well as in a derivative capacity on behalf of the Orly Genger 1993 Trust (the "OG Trust"). As any fair reading of the claims in those cases shows, Orly sought remedies and damages that would inure, at least in substantial part, to her personal benefit, including the removal of Dalia as trustee and the annulment of her corrupt and self-dealing transactions with Sagi and Sagi-controlled entities like defendants TPR and D&K GP, which parties have engaged in systematic wrongful conduct adverse to Orly personally. Debtor likewise has potential claims against Dalia, Sagi and the purported successor trustee Michael Oldner to annul all of the transactions involving Oldner and for damages against them for the harm those unlawful transactions inflicted on her personally.

3.  Given the nature of these claims and the financial damage to Orly over the years caused by defendants' corruption and misuse of the OG Trust, both the derivative and direct claims asserted in the underlying state actions are grounds for the same legal and equitable relief, which will have a direct financial impact on Orly (or her Estate), regardless of whether the claims are derivative in nature or not. The relief sought under both theories include award of compensatory and punitive damages against defendants and in favor of Orly, personally, including compensating her for attorney's fees incurred in pursuing these actions and other like pecuniary damages.

4.  For these reasons, and those set forth in the plaintiff's Objection, the Releases at issue in this adversary proceeding violated the automatic stay.

5.   Defendants' violation of the automatic stay, moreover, caused Debtor actual damages, including attorney's fees incurred both in assessing the legal ramifications and unlawfulness of defendants' Releases and in relation to this adversary proceeding to enforce the automatic stay, as well as emotional harm and other nonpecuniary damages, which are also recoverable under the statutory stay provisions.  *See In re Ojiegbe*, 539 B.R. 474, 480-84 (Bankr. D. Maryland 2015) (discussing emotional harm and attorney's fees covered by statute); *see also In re Bailey,* 2007 WL 2049007, at *4-5 (Bankr. S.D.N.Y. July 10, 2007) (holding that emotional harm may constitute actual damages within meaning of the Code because "Section 362(a) automatically stays acts that fall short of causing tangible, financial injury").  As courts have routinely held, for the automatic stay to be effective, it must be enforced; and for that to happen, "actual damages" must be construed so that debtors, who are frequently unable to afford legal services, can recover their attorney's fees and other like damages from the party violating the stay. *In re Ojiegbe,* supra, 539 B.R. at 483-84.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss should be denied in its entirety.

Dated:   New York, New York
         November 26, 2021

                                        GLENN AGRE BERGMAN & FUENTES LLP

                                        By: /s/ *Michael Paul Bowen*
                                        55 Hudson Yards, 20th Floor
                                        New York, NY 10001
                                        (212) 358-5600
                                        mbowen@glennagre.com

                                        *Counsel to Debtor Orly Genger*

3