UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* ORLY GENGER,<br><br>   Debtor. | Chapter 7<br><br>Case No. 19-13895 (JLG) |
| DEBORAH J. PIAZZA, as Successor CHAPTER 7 TRUSTEE, of the Bankruptcy Estate of Orly Genger,<br><br>            Plaintiff,<br><br>v.<br><br>MICHAEL OLDNER, THE ORLY GENGER 1993 TRUST, RECOVERY EFFORT INC., SAGI GENGER, THE SAGI GENGER 1993 TRUST, DALIA GENGER, ELANA GENGER, DAVID PARNES, D&K GP LLC, TPR INVESTMENT ASSOCIATES, INC., MANHATTAN SAFETY MAINE, INC. and JOHN AND JANE DOES 1-100,<br><br>            Defendants. | Adv. Pro. No. 21−01180 (JLG) |

**JOINDER IN REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION TO DISMISS BY SAGI GENGER, ELANA GENGER, DAVID PARNES,
D&K GP LLC, AND TPR INVESTMENT ASSOCIATES, INC.**

Defendants Sagi Genger, Elana Genger, David Parnes, D&K GP LLC, and TPR Investment Associates, Inc. (the "Additional Defendants"), by and through their undersigned counsel, respectfully submit this joinder in the Reply Memorandum of Law in Further Support of the Motion to Dismiss, or in the Alternative, to Stay Proceedings, dated December 2, 2021 filed by the Orly Genger 1993 Trust, by its Trustee Michael Oldner, Recovery Effort Inc., and Manhattan Safety Maine, Inc. (the "Reply Memorandum," Doc. 42). In additional to joining the arguments in the Reply Memorandum, the Additional Defendants state as follows:

-1-

In her opposition brief, as in her adversary proceeding complaint, Plaintiff Debora J. Piazza ("Plaintiff") once again fails to provide the Court with the complete text of the Releases, which expressly provide that they are only releasing claims brought "on behalf of the Orly 1993 Trust and any entity under The Orly 1993 Trust's control". It is beyond dispute that a trustee of a spendthrift trust may release claims brought on the trust's behalf during a beneficiary's bankruptcy without violating the automatic stay (*see, e.g., In re Markel*, 2001 WL 182579 (Bankr. M.D. Fla. Sept. 5, 2001)), which renders this whole proceeding a nullity.

Remarkably, when Plaintiff in paragraph 4 of her brief actually quotes from the Releases, *she uses an ellipsis to omit the language in the Releases that undermines her entire case.* Then, apparently hoping the Court will not notice this omission, she misrepresents the contents of the challenged Releases, falsely claiming on page 3 of her brief that the above-referenced limitation is merely a "*post hac* rationalization [which] defies the express terms of the Releases themselves." These would be the same "express terms" she never provides the Court.

It is important for the Court to take a step back and appreciate what this proceeding is actually about. The Orly Trust—which Plaintiff falsely accuses Sagi of "corrupting"—only ever had two assets: an indirect interest in a family-owned business called TPR Investment Associates, Inc. ("TPR") and a direct interest in a family-owned business called Trans-Resources, Inc. ("TRI"). In 2009 and 2010, respectively, Orly brought suit against Sagi and others claiming they had harmed her indirect interest in those two entities as a beneficiary of the Orly Trust. Sagi and the other defendants ultimately obtained complete defense judgments in their favor in both cases. *See, e.g., Genger v. Genger*, 2019 WL 2393807 (Sup. Ct.. N.Y. Cnty. June 6, 2019) (entering judgment in favor of Sagi and Dalia in the 2009 action); *Genger v. Genger*, 121 A.D.3d 270 (1st Dep't 2014) (entering judgment in favor of Sagi and Dalia in the 2010 action). In other words, the false

allegations that Plaintiff now regurgitates in her scurrilous papers were fully adjudicated by the New York courts, deemed meritless, and dismissed with prejudice.

There is one claim which Orly made on behalf of the Orly Trust that was *not* dismissed. In 2013, a group of defendants known as the "Trump Group" settled with Orly on her claims against them related to TRI. Orly succeeded for over a year in concealing the terms of the Trump Group settlement from the Orly Trust, on whose behalf she had purported to bring the underlying claims; she then went on to falsely tell the U.S. District Court that she had received no consideration for her trust's beneficial interest in the TRI shares. "But, as it turns out," the District Court went on to find, "Orly monetized her beneficial interest in the Orly Trust shares for $32.3 million." *Genger v. Genger*, 76 F.Supp.3d 488, 491, 501 (S.D.N.Y. 2015). As laid out at the motion to dismiss trial this summer, Orly spent the next six years conspiring to fraudulently transfer that $32.3 million out of her hands, before strategically filing for bankruptcy in 2019.

Now comes the Rule 9019 motion, whereby Plaintiff would have the Court bless Orly's $32.3 million fraud, in exchange for a "settlement" payment sufficient to cover the legal bills needlessly run up by her firm. Sagi vigorously objected to that motion, and thus to the big payday sought Plaintiff, which has made him Public Enemy No. 1 in her eyes. That is the real reason for this screed against Sagi, whose only interest is to be paid on his judgment.

In sum, there is no support for Plaintiff's position that the Releases impact any claim *not* brought "on behalf of the Orly 1993 Trust and any entity under The Orly 1993 Trust's control". Worse still is Plaintiff's risible contention that the released claims are "some of the Debtor's most valuable litigation claims." Such claims no longer even exist, as a court of competent jurisdiction entered a final judgment that no injury was suffered. That decision was appealed on July 2, 2019, but the appeal was never perfected, and the time to do has expired.

Accordingly, this proceeding should be dismissed.

| | |
|---|---|
| Dated: December 2, 2021<br>New York, New York | **EMMET, MARVIN & MARTIN, LLP**<br><br>By: /s/ John Dellaportas<br>John Dellaportas, Esq.<br>Judith Swartz, Esq.<br>Emmet, Marvin & Martin, LLP<br>120 Broadway, 32nd Floor<br>New York, New York 10271<br>Tel.: 212-238-3000<br>Fax:212-238-3100<br>jdellaportas@emmetmarvin.com<br>jswartz@emmetmarvin.com |