UNITED STATES BANKRUPTCY COURT                    NOT FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
In re:                                                              :        Chapter 7
      Orly Genger,                                          :
                                                                  :
                  Debtor.        :        Case No. 19-13895 (JLG)
-------------------------------------------------------------------------x
Deborah J. Piazza, as Successor Chapter 7 Trustee       :
of The Bankruptcy Estate of Orly Genger,                :
                                                        :
           Plaintiff,                   :
                                                        :
v.                                                      :        Adv. P. No.: 21-01180 (JLG)
                                                        :
Michael Oldner, The Orly Genger 1993 Trust,             :
Recovery Effort Inc., Sagi Genger, The Sagi             :
Genger 1993 Trust, Dalia Genger, Elana Genger,          :
David Parnes, D&K GP LLC, TPR Investment                :
Associates, Inc., Manhattan Safety Maine, Inc. and      :
John And Jane Does 1- 100,                              :
                                                        :
           Defendants.                  :
-------------------------------------------------------------------------x

### MEMORANDUM DECISION AND ORDER RESOLVING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER SERVICE OF PROCESS

**A P P E A R A N C E S :**

EMMET, MARVIN & MARTIN, LLP
*Counsel to the Sagi Genger 1993 Trust*
120 Broadway, 32nd Floor
New York, NY 10271
By: John Dellaportas

TARTER KRINSKY & DROGIN LLP
*Counsel to Plaintiff Deborah J. Piazza, as Successor Chapter 7 Trustee of the Bankruptcy Estate of Orly Genger*
1350 Broadway
New York, NY 10018
By: Rocco A. Cavaliere

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

## INTRODUCTION[1]

Orly Genger ("Orly," or the "Debtor") is the chapter 7 debtor herein. Deborah H. Piazza (the "Trustee") is the trustee of Debtor's chapter 7 estate. The Trustee filed a complaint (the "Complaint")[2] against the Sagi Genger 1993 Trust (the "Sagi Trust") and other parties (collectively, the "Defendants")[3] commencing this action (the "Adversary Proceeding"). The Trustee seeks to avoid and recover releases dated August 15, 2019 (the "Releases"), that were executed on behalf of the Orly Trust in favor of the Sagi Trust and other Defendants, as contemplated by that certain settlement agreement among the Trustee and various third parties (the "Settlement Agreement").[4] She says she is entitled to such relief because the Releases are unauthorized post-petition transfers of property of the Debtor's estate, made in willful violation of the automatic stay. In commencing the Adversary Proceeding, she caused the Clerk of the Court to issue a Summons and Notice of Pretrial Conference in an Adversary Proceeding (the "Summons").

Rule 7004 of the Federal Rules of Bankruptcy Procedure (hereinafter, each rule entitled the "Bankruptcy Rule") and Rule 4 of the Federal Rules of Civil Procedure (hereinafter, each rule entitled the "Rule") govern the issuance of a summons and service of a summons and complaint

---

[1] Capitalized terms shall have the meanings ascribed to them herein. References to "ECF No. __" are to documents filed on the electronic docket of the Chapter 7 Case. References to "AP ECF No. __" are to documents filed on the electronic docket of this Adversary Proceeding.

[2] *Complaint*, AP ECF No. 1.

[3] The Defendants consist of: Michael Oldner, the Orly Genger 1993 Trust, Recovery Effort, Inc., Sagi Genger, the Sagi Trust, Dalia Genger, Elana Genger, David Parnes, D&K GP LLC, TPR Investment Associates, Inc., Manhattan Safety Maine, Inc., and John and Jane Does 1-100.

[4] *Settlement Agreement*, ECF No. 421, Ex. A.

in an adversary proceeding.[5] The Sagi Trust is a trust corporation based in the Cook Islands. The Cook Islands is a self-governing island nation in the South Pacific Ocean, in "free association" with New Zealand. The Sagi Trust maintains that service of process on it can only be accomplished through Rule 4(f)(2) or Rule 4(f)(3), and that the Trustee failed to satisfy either provision in purporting to serve it with the Summons and Complaint.

The matter before the Court is the Sagi Trust's motion to dismiss the Complaint for lack of personal jurisdiction, pursuant to Rules 12(b)(2), (4) and (5) (the "Motion").[6] The Trustee filed a response in opposition to the Motion (the "Response").[7] The Sagi Trust filed a reply to the Response (the "Reply").[8] The Court heard argument on the Motion. The Trustee and the Sagi Trust appeared through their respective counsel. For the reasons set forth herein, the Court denies the Motion.

## JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[5] Bankruptcy Rule 7004(a) provides that certain provisions of Rule 4 are applicable in adversary proceedings.

[6] Bankruptcy Rule 7012 makes Rule 12 applicable in adversary proceedings.

[7] *Plaintiff's Opposition to Motion of Sagi Genger 1993 Trust to Dismiss for Improper Service of Process*, AP ECF No. 44.

[8] *Defendant Sagi Genger 1993 Trust's Reply Memorandum of Law in Further Support of its Motion to Dismiss for Improper Service of Process*, AP ECF No. 55.

# BACKGROUND[9]

On July 12, 2019, Orly commenced a voluntary case under chapter 7 of the Bankruptcy Code (the "Chapter 7 Case") in the United States Bankruptcy Court for the Western District of Texas.[10] Ronald Satija was appointed the chapter 7 trustee for the Debtor's estate.[11] On November 7, 2019, the bankruptcy court ordered the Chapter 7 Case transferred to this Court.[12] The Trustee was appointed the successor chapter 7 trustee for the estate. She continues to act in that role.

After her appointment, the Trustee entered into the Settlement Agreement on behalf of the chapter 7 estate with various parties with interests in the estate. She filed a motion (the "Rule 9019 Settlement Motion")[13] seeking approval of the agreement. The Settlement Agreement forecast the commencement of the Adversary Proceeding, since a condition to the agreement was that the Trustee would seek to void the Releases. *See* Settlement Agreement ¶ 15. The Sagi Trust, through its counsel, Emmet, Marvin & Martin LLC (the "Sagi Trust Counsel"), opposed that motion (the "Rule 9019 Settlement Objection").[14] The Court held an evidentiary hearing and thereafter heard

---

[9] The Court takes judicial notice of the documents filed of record in the Chapter 7 Case and Adversary Proceeding. *In re Svensson*, No. 16-10952, 2025 WL 2797457, at *2 (Bankr. N.D.N.Y. Sept. 30, 2025) ("This Court may 'take judicial notice of matters of public record, including filings in related lawsuits.'"); *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.") (citing *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)).

[10] *Voluntary Petition under Chapter 7 (Individual), Filed by Orly Genger*, ECF No. 1.

[11] *Meeting of Creditors & Notice of Appointment of Interim Trustee Ron Satija*, ECF No. 2.

[12] *Amended Order Transferring Case*, ECF No. 179.

[13] *Chapter 7 Trustee's Motion for an Order Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (A) Approving Settlement Agreement And (B) Granting Related Relief*, ECF No. 421.

[14] *Objection of the Sagi Genger 1993 Trust to the Chapter 7 Trustee's Motion for Order Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (A) Approving the Settlement Agreement, and (B) Granting Related Relief*, ECF No. 493.

argument on the Rule 9019 Settlement Motion. The Sagi Trust, through Sagi Trust Counsel, appeared at the hearing and argument.

The Trustee commenced the Adversary Proceeding after she filed the Rule 9019 Settlement Motion. She purported to serve the Summons and Complaint on the Sagi Trust, as follows:

> On September 1, 2021, via first class mail addressed to The Sagi Genger 1993 Trust, c/o Sagi Genger, 751 Weed Street, New Canaan, CT 06840.

> On September 2, 2021, via (i) first class mail, and (ii) Federal Express to the last known mailing address on: The Sagi Genger 1993 Trust, c/o Cook Islands Trust Corporation Limited, First Floor, BCI House, Avura District, Rarotonga, Cook Island.

Declaration of Service at 2.[15] The Trustee served a "courtesy copy" of the Summons and Complaint on Sagi Trust Counsel. *Id.* at 5, n.2. After the Trustee commenced the Adversary Proceeding, Sagi Trust Counsel advised the Trustee that it did not have authority to accept service of the Complaint on behalf of the Sagi Trust. Reply, Ex. A. Thereafter, the Sagi Trust formally appeared in the Adversary Proceeding through Sagi Trust Counsel (the "AP Notices of Appearance").[16]

**The Motion**

Rule 4(f) governs the service of process on corporations in a foreign country. The Sagi Trust contends that only Rules 4(f)(2) and (3) are relevant to the Adversary Proceeding, and that the Trustee failed to comply with either rule in purporting to serve it with the Summons and Complaint. In substance, Rule 4(f)(2) requires that, in serving process on a corporation in a foreign country, if there is no international agreement regarding service of such process, service of process

---

[15] *Declaration of Service*, AP ECF No. 3.

[16] *Notice of Appearance in Adversary Proceeding filed by Judith Lynn Swartz on behalf of D&K GP LLC, Elana Genger, Sagi Genger, David Parnes, TPR Investment Associates, Inc., The Sagi Genger 1993 Trust,* AP ECF No. 17; *Notice of Appearance in Adversary Proceeding filed by Thomas A. Pitta on behalf of D&K GP LLC, Elana Genger, Sagi Genger, David Parnes, TPR Investment Associates, Inc., The Sagi Genger 1993 Trust,* AP ECF No. 19.

must be made (i) as prescribed by the foreign country's law, (ii) as the foreign authority directs in response to a letter rogatory or letter of request, or (iii) unless prohibited by the foreign country's law, by delivering a copy of the summons and of the complaint to the corporation using any form of mail that the clerk addresses and sends to the corporation and that requires a signed receipt. *See* Fed. R. Civ. P. 4(f)(2)(A)-(C). The Sagi Trust contends that in purporting to serve it with the Summons and Complaint, the Trustee failed to comply with Rule 4(f)(2), because the Trustee did not comply with the Cook Islands Code of Civil Procedure, and has not made service through a letter rogatory, or established that FedEx service is otherwise permitted under Cook Islands law. Motion at 3-4. Rule 4(f)(3) provides that a court may direct service on foreign party "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). The Sagi Trust says the Trustee cannot meet that standard because she did not get authority from the Court beforehand to serve it pursuant to Rule 4(f)(3). Motion at 4.

The Sagi Trust argues that because the Trustee failed to comply with either Rule 4(f)(2) or Rule 4(f)(3), it did not effect service of process upon it, and the Court lacks personal jurisdiction over it, and must dismiss it from the Complaint pursuant to Rules 12(b)(2), (4) and/or (5). *Id.*

**<u>The Response</u>**

The Trustee does not contend that she served the Summons and Complaint on the Sagi Trust in the Cook Islands in accordance with Rules 4(f)(2) or (3). Nonetheless, she maintains that the Court must deny the Motion. The Trustee argues that the Sagi Trust waived its objection to personal jurisdiction when Sagi Trust Counsel filed the AP Notices of Appearance, and the Motion is moot, because the trust has explicitly authorized Sagi Trust Counsel to accept service of the Summons and Complaint. Response ¶ 17. She reasons that having since authorized Sagi Trust Counsel to formally appear on its behalf in this Adversary Proceeding, the Sagi Trust cannot

6

complain that the Trustee's service of the Summons and Complaint on counsel was improper. *Id.* Moreover, she contends the Motion fails on the merits because she properly effected service of process on the Sagi Trust.

Briefly, the Trustee asserts Sagi is the Sagi Trust's agent for service of process, because he may be the real party in interest to pursue claims of the Sagi Trust against various parties, and that service of the Summons and Complaint by first class mail to the attention of Sagi at his home in Connecticut passes muster under Bankruptcy Rule 7004. *Id.* ¶ 18.

Alternatively, she contends that in serving Sagi Trust Counsel with the Summons and Complaint by first-class mail, she effectuated service of process under Bankruptcy Rule 7004. First, she argues courts hold that a debtor can prosecute stay violations either by adversary complaint or by way of motion in the Chapter 7 Case. *Id.* ¶ 22. She asserts that had the Trustee proceeded by motion, instead of the Adversary Proceeding, there could be no dispute that service by mail of the motion on a party or its attorney that has appeared in the main case would be sufficient. *Id.* Moreover, she notes in the Rule 9019 Settlement Objection, the Sagi Trust challenged the Debtor's right to sell "derivative claims" to Claims Pursuit, Inc. Focusing on the Complaint, the Trustee says that at issue in the Adversary Proceeding is the "related issue" of whether the Releases are unauthorized post-petition transfers of estate assets that violated the automatic stay. *Id.* ¶ 16. She maintains that in filing the objection, the Sagi Trust submitted itself to the jurisdiction of the Court to address the related issues in the Adversary Proceeding. *Id.*[17]

---

[17] The Trustee maintains that is especially the case since the Sagi Trust was obviously aware of the full contents of the Settlement Agreement when it filed the Sagi Trust Objection, which contents included paragraph 15 of the Settlement Agreement that expressly stated that the Trustee would seek to avoid the Releases in favor of Sagi and others that were intended Releasees. *Id.*

Finally, the Trustee contends that based on the scope of the pre- and post-petition legal services that Sagi Trust Counsel performed on Sagi Trust's behalf, the Sagi Trust submitted itself to the jurisdiction of the Court, and the Sagi Trust expressly authorized counsel to accept service of process in all contested matters and adversary proceedings related to the Chapter 7 Case. *Id.* ¶ 13. She also contends that Sagi Trust Counsel is Sagi Trust's implied agent to receive service of process. *Id*. ¶¶ 13-15. In summary, she maintains that since the Sagi Trust appeared in the Chapter 7 Case by filing the Rule 9019 Settlement Objection, and Sagi Trust Counsel was the trust's agent for service of process, the Trustee's "additional service" of the Summons and Complaint by express mail and federal express on the Sagi Trust at the Cook Islands' address provided to Trustee's counsel by Sagi Trust Counsel satisfied well-settled due process standards enunciated in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). *Id.* ¶¶ 20-21.

Alternatively, the Trustee argues that if the Court finds that she failed to effect service of process on Sagi Trust, the Court should permit jurisdictional discovery for the purpose of determining the Sagi Trust's role in connection with the 9019 Settlement Objection, the procurement of the Releases on its behalf, and its retention arrangement with Sagi Trust Counsel when it filed the objection. *Id*. ¶ 22. The Trustee also requests that, in lieu of granting her jurisdictional discovery, that the Court authorize her to serve the Complaint on either Sagi or Sagi Trust Counsel by first class mail or email in accordance with Rule 4(h) and Rule 4(f)(3). *Id*.

**The Reply**

The Sagi Trust reiterates that only Rules 4(f)(2) and (3) are relevant to the Motion and that the Trustee did not comply with either provision. It denies that service of process on a Cook Islands trust corporation by FedEx satisfies either Rule, and denies there is merit to any of the Trustee's

arguments in Response to the Motion. It contends the Court must grant the Motion because the Trustee's purported service of process was legally defective. Reply at 2.

Briefly, and without limitation, the Sagi Trust denies that it waived its objection to personal jurisdiction, when Sagi Trust Counsel filed the AP Notices of Appearance, and denies that Sagi is Sagi Trust's agent for service of process. *Id.* at 2-3. It also denies that the Motion is moot and that the Trustee effected service of process on it by mailing Sagi the Summons and Complaint. *Id.* at 3. It maintains that whether the Trustee could have sought relief under section 362 of the Bankruptcy Code without filing the Adversary Proceeding, or whether the Adversary Proceeding involves a "related issue" to the Settlement Agreement, are irrelevant to the Motion. *Id.* Further, it denies it impliedly authorized Sagi Trust Counsel to accept service on its behalf in the Adversary Proceeding. *Id.* at 4.

Finally, the Sagi Trust maintains the Trustee is not entitled to jurisdictional discovery and/or court-mandated alternative service because: (i) no cross-motion has been filed all or part of such relief; (ii) the request for discovery is premature because Sagi Trust has not moved to dismiss the Complaint for lack of personal jurisdiction, and (iii) the Court should not authorize alternative service because the Trustee has undertaken no effort to follow the applicable rules for service. *Id.* at 5.

## ANALYSIS

Rule 12(b)(2) addresses the defense of "lack of personal jurisdiction." *See* Fed. R. Civ. P. 12(b)(2). Rules 12(b)(4) and (5) provide for the defenses of "insufficient process," and "insufficient service of process," respectively. *See* Fed. R. Civ. P. 12(b)(4), (5). "This court can exercise jurisdiction over [the Sagi Trust] only if there is valid service of process on the [Sagi Trust]." *Gonzalez v. Wake Cnty. Pub. Sch. Sys.*, No. 5:20-CV-00684-M, 2022 WL 125295, at *3

(E.D.N.C. Jan. 12, 2022). The Sagi Trust asserts that the Trustee has not effected service of process

on it, and that by application of Rules 12(b)(4) and (5), it is not subject to the Court's jurisdiction.

The Court considers those matters below.

## Rule 12(b)(4)

"Rule 12(b)(4) allows for the dismissal of a complaint for 'insufficient process.'" *Close v.*

*Bedford Cent. Sch. Dist.*, No. 23-CV-4595, 2024 WL 3427213, at *4 (S.D.N.Y. July 16,

2024) (quoting *Abram v. Town of Cheektowaga Police Dep't*, No. 18-CV-1267, 2020 WL

3513677, at *2 (W.D.N.Y. June 29, 2020) (quoting Rule 12(b)(4))). "[A] Rule 12(b)(4) motion is

proper only to challenge noncompliance with the provisions of Rule 4(b)[18] or any applicable

provision incorporated by Rule 4(b) that deals specifically with the content of the summons."

*Jackson v. City of N.Y.*, No. 14-CV-5755, 2015 WL 4470004, at *4 (S.D.N.Y. June 26,

2015) (quoting 5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1353 (3d ed.

2004)); *see Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 332 n.8 (E.D.N.Y. 2021) ("An

objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method

of its service."). Accordingly, a Rule 12(b)(4) objection "must identify substantive deficiencies in

the summons, complaint, or accompanying documentation." *Abram*, 2020 WL 3513677, at *2; *see*

*also DiFillippo v. Special Metals Corp.*, 299 F.R.D. 348, 352-53 (N.D.N.Y. 2014) ("Objections to

sufficiency of process under Fed. R. Civ. P. 12(b)(4) must identify substantive deficiencies in the

summons, complaint or accompanying documentation." (citations omitted)).

---

[18] Rule 4(b) states:

(b) Issuance**.** On or after filing the complaint, the plaintiff may present a summons to the clerk for
signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to
the plaintiff for service on the defendant. A summons--or a copy of a summons that is addressed to
multiple defendants--must be issued for each defendant to be served.

Fed. R. Civ. P. 4(b).

The Sagi Trust does not contend there are substantive deficiencies in the Summons or Complaint. Accordingly, Rule 12(b)(4) is not applicable to the Motion. *See Jackson*, 2015 WL 4470004, at *4 (Where "movants do not assert noncompliance with Rule 4(b), dealing with the content of the summons, or otherwise challenge the form of the process . . . their motion is not governed by Rule 12(b)(4)."); *see also Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112, 2018 WL 4757939, at *3 (S.D.N.Y. Sept. 30, 2018) ("Although [the Sagi Trust] has challenged service under both Rules 12(b)(4) and 12(b)(5) . . ., [the trust's] arguments do not identify substantive deficiencies in the summons, complaint, or accompanying documentation; thus, [its] motion is governed by Rule 12(b)(5).").

The Court denies the Sagi Trust's claim for relief under Rule 12(b)(4).

## Rule 12(b)(5)

Rule 12(b)(2) authorizes motions to dismiss a complaint on the basis of lack of personal jurisdiction over a defendant. *See* Rule 12(b)(2); *see Eyeking, LLC v. JSS, LLC*, 321 F. Supp. 3d 326, 329 (E.D.N.Y. 2018) ("Rule 12(b)(2) authorizes a party to seek dismissal on the ground that the Court lacks personal jurisdiction over him or it."). Rule 12(b)(5) has a more limited focus. "[A] Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." *Haidon v. Budlong & Budlong, LLC*, 318 F. Supp. 3d 568, 575 (W.D.N.Y. 2018). It "permits a party to move to dismiss [a] complaint for insufficient service of process." *Grp. One Ltd.,* 523 F. Supp. 3d at 332; *see Jackson*, 2015 WL 4470004, at *4 ("Rule 12(b)(5) governs the defense of 'insufficient service of process.'"). Accordingly, lack of personal jurisdiction and inadequate service of process provide two independent bases for dismissal of a complaint under Rule 12(b). In the Motion, application of those rules overlap, as the

Sagi Trust contends that the Court lacks personal jurisdiction over it because the Trustee failed to effectuate proper service of process on it under Rule 4(f). Motion at 2.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Keivom v. New Russian Word Inc.*, No. 24-3573, 2025 WL 2941222, at *4 (S.D.N.Y. May 23, 2025), *report and recommendation adopted*, No. 24-3573, 2025 WL 2939121 (S.D.N.Y. Oct. 16, 2025). "[Here] the Court's analysis under Rule 12(b)(2) and (5) collapses into one: if service of process over [the Sagi Trust] is insufficient, then the Court may not exercise proper jurisdiction over [it]." *Pruthi v. Empire City Casino*, No. 18-CV-10290, 2022 WL 596370, at *4 (S.D.N.Y. Feb. 28, 2022); *see also Radwan v. Univ. of Connecticut Bd. of Trs.*, No. 3:16-2091, 2017 WL 6459799, at *3 (D. Conn. Dec. 14, 2017) ("Sufficiency of service is a precondition for the court's exercise of jurisdiction over a party and, therefore, constitutes an interrelated ground on which to dismiss a case for lack of personal jurisdiction pursuant to Rule 12(b)(2)."); *Jackson v. State of Conn. Dep't of Pub. Health*, No. 3:15-CV-750, 2016 WL 3460304, at *8 (D. Conn. June 20, 2016) ("In the absence of proper service, a district court lacks personal jurisdiction over those defendants not properly served.").

"When a defendant moves for dismissal for inadequate service of process pursuant to Rule 12(b)(5), the plaintiff bears the burden of establishing that service was sufficient." *Vega v. Hastens Beds, Inc.*, 339 F.R.D. 210, 215 (S.D.N.Y. 2021); *see also Hood v. Ascent Med. Corp.*, No. 13-CV-00628, 2014 WL 5089559, at *2 (S.D.N.Y. Oct. 9, 2014) ("[P]laintiff bears the burden of establishing that service was sufficient.") (quoting *Khan v. Khan,* 360 Fed. App'x 202, 203 (2d Cir. 2010)). In considering such a motion, "the Court may look beyond the pleadings, including to affidavits and supporting materials, to determine whether service was proper." *Id.*; *see George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) ("In considering a Rule

12(b)(5) motion to dismiss for insufficient service of process, a court must look[ ] to matters outside the complaint to determine whether it has jurisdiction." (alteration in original) (quoting *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016))).

Service of process on corporations generally is governed by Rule 4(h). Where service is effected on a corporation outside of the United States, Rule 4(h)(2) permits service "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2); *see also Zanghi v. Ratella*, No. 19 CIV. 5830, 2020 WL 589409, at *4 (S.D.N.Y. Feb. 5, 2020) ("Although Rule 4(f)(2)(A) applies to "individual[s]," Rule 4(h) extends it to "foreign corporation[s].") (quoting Rule 4(h)). On its face, Rule 4(f) gives litigants choices for acceptable methods of service of process outside the United States. Rule 4(f)(1) permits service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents . . . ." Fed. R. Civ. P. 4(f)(1). Rule 4(f)(2) specifies other methods of service "if there is no internationally agreed means . . . ." First, under Rule 4(f)(2)(A), service may be effected "as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction . . . ." Fed. R. Civ. P. 4(f)(2)(A). Second, under Rule 4(f)(2)(B), service may be effected "as the foreign authority directs in response to a letter rogatory or letter of request . . . ." Fed. R. Civ. P. 4(f)(2)(B). Third, under Rule 4(f)(2)(C), excluding individual service, service may be effected by "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt[,]" unless "prohibited by the foreign country's law." Fed. R. Civ. P. 4(f)(2)(C)(ii). Finally, Rule 4(f)(3) provides that service on a foreign litigant can be effected "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

The Trustee has not demonstrated that she effected service of process on the Sagi Trust in Cook Islands pursuant to Rule 4(f)(1), (2) or (3). It is undisputed that the Cook Islands is not a party to, nor is it bound by, the Hague Convention on the Taking of Evidence Abroad. Accordingly, Rule 4(f)(1) is inapplicable. It is also undisputed that the Cook Islands Code of Civil Procedure governs service of process in Cook Islands and that the Trustee has not complied with that local law, and, separately, has not made service through a letter rogatory. Moreover, she has not established that FedEx service is otherwise permitted under Cook Islands law. Accordingly, she has not demonstrated that she complied with Rule 4(f)(2). Finally, the Trustee has not complied with Rule 4(f)(3), because she did not seek authority from the Court to serve the Sagi Trust pursuant to Rule 4(f)(3).

Still, the Trustee contends the Court must deny the Motion, because she effected service of process on the Sagi Trust. The Court considers those matters below.

### *Whether The Motion Is Moot Because Sagi Trust Filed Notices Of Appearance In The Adversary Proceeding*

The Trustee argues that the Motion is moot because in the AP Notices of Appearance, the Sagi Trust explicitly authorized counsel to accept service of the Summons and Complaint. Response ¶ 17. Having done so, the Sagi Trust cannot complain that the Trustee's service of the Summons and Complaint on Sagi Trust Counsel was improper. *Id.*

The Court does not credit that argument. It is plainly the case that a party must appear in a case to challenge service of process, or risk entry of a default. In filing the AP Notices of Appearance, the Sagi Trust has not waived its timely asserted objection to personal jurisdiction. A party may appear to challenge service of process without waiving jurisdictional defenses. "'[A] party can file a general appearance and object to personal jurisdiction or venue at any time before the answer is filed or in the answer' without waiving its Rule 12 jurisdictional defenses, including

14

defective service of process." *Rosado-Acha v. Red Bull Gmbh*, No. 15 CIV. 7620 KPF, 2016 WL 3636672, at *10 (S.D.N.Y. June 29, 2016); *accord Zherka v. Ryan*, 52 F. Supp. 3d 571, 577 (S.D.N.Y. 2014) ("Merely making a general appearance before the court will not constitute a waiver of the defense so long as the party makes a timely challenge to the court's jurisdiction." (citing *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972))).

### Whether Sagi Is The Agent Of The Sagi Trust For Service Of Process

The Trustee purported to serve the Summons and Complaint on the Sagi Trust, by first class mail addressed to the attention of Sagi at his home in Connecticut. *See* Declaration of Service at 2. She says that constitutes effective service of process. She argues the Court should treat Sagi as the Sagi Trust's agent for service of process, because Sagi may be the real party in interest to pursue claims of the Sagi Trust against various parties, including Orly and the Orly Genger 1993 Trust. Response ¶ 18. The Trustee reasons Sagi is the beneficiary of the Sagi Trust, and by virtue of a written assignment dated December 30, 2012 (the "December 2012 Assignment")[19] filed on the state court docket of the 2010 Action,[20] the Sagi Trust authorized Sagi to act on behalf of the Sagi Trust in connection with any claims against Orly and the Orly Trust. The Trustee asserts the Sagi Trust assigned to Sagi —

> various rights to pursue "claims, demands, and/to causes of action of any kind whatsoever that the SG Trust has against TRI, its present and past officers and directors, and their respective affiliates, concert acting or related parties (including but not limited to, Arie Genger, William Dowd, Orly Genger and the Orly Genger 1993 Trust), in connection with, arising out of, or resulting from the Stipulation of Settlement."[21]

---

[19] A copy of the December 2012 Assignment is annexed as Exhibit A to the Opposition.

[20] *See Arie Genger, et al., v. Sagi Genger, et. al.,* Index No. 651089/2010.

[21] The "Stipulation of Settlement" is that "certain divorce Stipulation of Settlement between Arie Genger and Dalia Genger, signed on or about October 30, 2004."

*Id.* Upon receipt of the December 2012 Assignment, Sagi filed various counterclaims and cross-claims in the 2010 Action in his individual capacity and as assignee of the Sagi Trust. *Id.* (citations omitted). The Trustee also asserts that, at a minimum, Sagi is an agent of the Sagi Trust by virtue of his own actions in connection with the subject matter at issue in the Adversary Proceeding. *Id.* ¶ 19.[22]

There is no merit to these arguments. There is no support for the Trustee's assertion that a trust may be served through its beneficiary. In a Delaware action clearly relevant to the issue of the scope of Sagi's authority – as a trust beneficiary – the Delaware state court found that a trust acts through its trustee, and that the actions of its beneficiaries cannot impose obligations on the trust that the trustee did not expressly authorize. *See Genger v. TR Investors, LLC,* 26 A.3d 180, 202-03 (Del. 2011) ("Orly's willingness to testify before the trial court in her individual capacity as [Arie] Genger's daughter did not constitute legal consent to the Court of Chancery's exercising *in personam* jurisdiction over the Orly Trust. A separate consent, by an authorized representative of the Orly Trust, was required to accomplish that, and there is no evidence or claim that such consent was ever obtained." (footnote omitted)). Moreover, the December 2012 Assignment is not part of the Adversary Proceeding and, in any event, by its terms, is not applicable to this action. It authorizes Sagi to assert any claim, demand, or causes of action that the trust has against specific parties. However, Sagi is not bringing any claim, demand, or cause of action in this adversary proceeding on behalf of the Sagi Trust.

---

[22] The Trustee maintains that the testimony taken in the Chapter 7 Case reveals that Sagi appeared in Texas on or about August 15, 2019, with Releases in hand and gave them to Oldner who promptly signed them that same day. Response ¶ 19. There was no testimony indicating that the Trustee of the Sagi Trust appeared in Texas on his or her own to obtain the Sagi Trust Release. As such, Sagi Genger, at a minimum, acted as the Sagi Trust's agent in connection with obtaining the Sagi Trust Release for the benefit of the Sagi Trust. *Id.* ¶ 19. The Court attaches little weight to those contentions, as they are inconsistent with the Trustee's allegations in support of the Complaint. As relevant, the Trustee alleges that Parnes hand delivered the Releases to Oldner in Austin, Texas. Complaint ¶ 36.

***Whether In Filing The Rule 9019 Settlement Objection The Sagi Trust Submitted Itself To The Jurisdiction Of The Court To Address "Related Issues" In The Adversary Proceeding***

In the Rule 9019 Settlement Objection, the Sagi Trust challenged the Debtor's right to sell "derivative claims" to Claims Pursuit, Inc., on the grounds that they do not constitute estate property. The Trustee asserts that at issue in the Adversary Proceeding is the "related issue" of whether the Releases are unauthorized post-petition transfers of estate assets that violated the automatic stay. Response ¶ 16. She says that in filing the objection, the Sagi Trust submitted itself to jurisdiction of the Court to address the related issues in the Adversary Proceeding. *Id*. She maintains that is especially the case since the Sagi Trust was obviously aware of the full contents of the Settlement Agreement when it filed the objection, which contents included paragraph 15 of the Settlement Agreement that expressly stated that the Trustee would seek to avoid the Releases in favor of the Sagi Trust and others that were intended Releasees. *Id.*

The Court finds no merit to that argument. Adversary proceedings in chapter 7 cases frequently bear some relation to the matters at issue in the main case. The Adversary Proceeding satisfies that low standard. However, the overlap of the matters at issue, per se, does not alter, in any respect, the requirements for service of the Summons and Complaint under the Bankruptcy Rule 7004.

***Whether The Trustee Satisfied Due Process Standards In Mailing The Summons And Complaint To The Sagi Trust In Cook Islands***

The Trustee contends that her "additional service" of the Summons and Complaint by express mail and Federal Express on the Sagi Trust at the Cook Islands address provided to Trustee's counsel by Sagi Trust Counsel constitutes adequate notice of the Adversary Proceeding. Response ¶¶ 20-21. She argues that the Sagi Trust's receipt of the Summons and Complaint, combined with notice provided through its agents Sagi Trust Counsel and Sagi Genger, satisfies

constitutional due process requirements. *Id.* The Trustee relies on *Mullane*, 339 U.S. at 314, for the proposition that due process is satisfied when the method of service provides "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Id.* ¶ 21. She also cites *United States v. Davis*, 38 F.R.D. 424, 425-26 (N.D.N.Y. 1965), which states: "There is no fear . . . that service of the summons and complaint upon [the attorney] would not be brought home to each principal . . . . That service of process upon their lawyer would bring notice of the lawsuit to [the client] seems beyond argument and is evident here from the motion itself on their behalf to quash the service." *Id.* The Trustee argues that, as is clear from the Sagi Trust's ability to file the Motion to Dismiss, the Sagi Trust has received adequate notice of the Adversary Proceeding and has had an opportunity to present objections. *Id.*

The Court does not credit the Trustee's reliance on *Mullane* and her "additional service" argument as an independent basis for finding proper service. The *Mullane* due process standard addresses whether a method of service provides constitutionally adequate notice—it does not excuse compliance with the Federal Rules of Civil Procedure's specific requirements for effecting service of process on foreign entities. *See In re Cruisephone, Inc.*, 278 B.R. 325, 334 (Bankr. E.D.N.Y. 2002) ("Notice cannot by itself validate an otherwise defective service. Service of process is a separate prerequisite to obtaining jurisdiction over a party, one that is independent of due process considerations.").

The Trustee has not demonstrated compliance with Rule 4(f)(2) or Rule 4(f)(3) for service of process on the Sagi Trust in the Cook Islands. Accordingly, her argument that "additional service" by express mail and Federal Express to the Cook Islands satisfies service requirements fails.

***Whether Sagi Trust Counsel is Sagi Trust's***
***Implied Agent To Receive Service Of Process***

The Trustee contends that the Sagi Trust impliedly authorized Sagi Trust Counsel to act as its agent for service of process in the Adversary Proceeding, based on the scope of the firm's representation in the Chapter 7 Case and related prepetition litigation. Response ¶¶ 13-15. The Court credits that argument.

An attorney, solely by reason of his capacity as an attorney, does not thereby become his client's agent authorized to receive service of process. *United States v. Bosurgi*, 343 F. Supp. 815, 817 (S.D.N.Y. 1972). However, "if such agency is to be implied, it must be implied from all the circumstances accompanying the attorney's appointment which indicate the extent of authority the client intended to confer." *Id.* at 818. Courts have held that "when a defendant takes an active role in a Chapter 11 case and appears through counsel in a proceeding integrally related to the case, such counsel is implicitly authorized to receive process for the defendant." *In re Reisman*, 139 B.R. 797, 801 (Bankr. S.D.N.Y. 1992); *see also In re Paddington Press, Ltd.*, 5 B.R. 343, 345 (Bankr. S.D.N.Y. 1980) (implied authority found where attorney actively opposed a motion in the main case and the adversary proceeding was "integrally related" to that representation); *Luedke v. Delta Air Lines, Inc.*, 159 B.R. 385, 394-95 (S.D.N.Y. 1993) (implied authority where attorney commented on reorganization plan and reviewed complaint in related adversary presenting issues nearly identical to the main case); *In re Quigley Co., Inc.*, 437 B.R. 102, 130 (Bankr. S.D.N.Y. 2010) (implied authority where attorneys represented clients in underlying litigation that was the "raison d'être for the bankruptcy case"). By contrast, minimal or procedural involvement does not suffice. *See In re Cruisephone, Inc.*, 278 B.R. at 333-34 (no implied authority where attorney filed and withdrew a proof of claim without further participation and activities did not involve "significant exercise of independent judgment and discretion"). Courts have found implied

authority to accept service where an attorney repeatedly represented the client in the underlying bankruptcy case and had been previously served therein without objection. *In re Focus Media, Inc.*, 387 F.3d 1077, 1082 (9th Cir. 2004) ("a party's bankruptcy attorney can be authorized impliedly to accept service of process on the client's behalf in a related adversary proceeding is neither novel nor inconsistent with general principles of agency law.").

Based on the foregoing, the Court finds such implied authority based on three interrelated factors. First, Sagi Trust Counsel represents the Sagi Trust in the Adversary Proceeding itself, having filed the Motion on its behalf. Second, the same firm appeared for the Sagi Trust in the Chapter 7 Case by filing the Rule 9019 Settlement Objection, a substantive opposition that challenged core estate administration issues. Third, the issues in the settlement objection and the Adversary Proceeding are fundamentally the same: both concern whether certain derivative claims related to the Orly Trust constitute property of the estate or belong to the trust. *In re Quigley Co., Inc.,* 437 B.R. at 129-30 (recognizing that an attorney's authority to receive service of process for individuals can be implied by the level of involvement the attorney had in the bankruptcy case).

In the Rule 9019 Settlement Objection, the Sagi Trust argued that the proposed settlement improperly alienated Orly Trust assets, including derivative claims, in violation of spendthrift provisions. Rule 9019 Settlement Objection ¶¶ 1-3, 5, 7. The Adversary Proceeding seeks to avoid releases that extinguished "any and all claims, causes of action, suits, debts, and judgements with respect to the Orly Trust." Complaint ¶ 38. These are the types of derivative claims whose disposition the Sagi Trust opposed in the settlement objection. The overlap is integral: both proceedings address the estate's authority over Orly Trust claims.

Moreover, Sagi Trust Counsel represented the Sagi Trust in state court actions involving the same Orly Trust claims and relationships. Response ¶ 15. Taken together, these facts

demonstrate that the Sagi Trust empowered its counsel to protect its interests in matters directly concerning Orly Trust claims—interests that form the core of both the settlement objection and this Adversary Proceeding. Given counsel's extensive involvement in defending the Sagi Trust's position on these identical issues, the Court finds that the Sagi Trust intended for its counsel to handle related service of process. *See Reisman*, 139 B.R. at 801 ("there is no fear that service of the summons and complaint upon [the attorney] would not be brought home to each principal"); *Bosurgi*, 343 F. Supp. at 818-19 (service on attorney with such authority is "not only adequate, but probably optimal" to ensure notice).

The Sagi Trust's reliance on its counsel's post-service email disclaiming authority to accept process does not alter this conclusion. Reply at 3 & Ex. A. Informal disclaimers cannot override implied authority established by the client's conduct and the scope of representation, particularly where no formal limitation appeared in the Rule 9019 Settlement Objection or other filings. *See Bank of New York Mellon Tr. Co. v. Morgan Stanley Mortg. Cap., Inc.*, No. 11-0505, 2013 WL 3146824, at *26 (S.D.N.Y. June 19, 2013) (courts are not bound by parties' disclaimers when examining "their true relationship"); *cf. Macon v. Corr. Med. Care, Inc.*, No. 12-CV-6150, 2015 WL 4604018, at *3 (W.D.N.Y. July 30, 2015) (no implied authority where neither attorney nor client appeared or opposed); *Junior-Donohue v. Fudge*, No. 23-CV-2474, 2023 WL 5152299, at *2 (S.D.N.Y. Aug. 10, 2023) (no prior representation existed). The Sagi Trust voluntarily submitted to this Court's jurisdiction by filing a substantive objection in the Chapter 7 Case and cannot now compartmentalize its counsel's authority to avoid service in this integrally related Adversary Proceeding.

21

***Whether The Trustee Effected Service Of Process On Sagi Trust Counsel***

Having found that Sagi Trust Counsel is the Sagi Trust's implied agent to receive service of process, the Court also finds the Trustee's mailing of the Summons and Complaint to Sagi Trust Counsel constituted proper service under Bankruptcy Rule 7004. The Declaration of Service reflects that the Trustee served a "courtesy copy" of the Summons and Complaint on Sagi Trust Counsel. Declaration of Service at 5, n.2.

Bankruptcy Rule 7004(b) authorizes service by first class mail on certain categories of defendants as an alternative to the methods prescribed by Rule 4 of the Federal Rules of Civil Procedure. Bankruptcy Rule 7004(b)(3) permits service on "a domestic or foreign corporation, or a partnership or other unincorporated association" by mailing a copy of the summons and complaint "to an officer, a managing or general agent, or an agent authorized by appointment or by law to receive service." Fed. R. Bankr. P. 7004(b)(3)(A). Additionally, Bankruptcy Rule 7004(b)(8) permits service on "any defendant" by mailing the summons and complaint to "the defendant's agent" where "the agent is authorized by appointment or by law to accept service" and "the mail is addressed to the agent's dwelling or usual place of abode or where the agent regularly conducts a business or profession." Fed. R. Bankr. P. 7004(b)(8)(A)-(B).

Courts have held that service by first class mail on an authorized agent satisfies Bankruptcy Rule 7004. *See In re Takeout, Inc.*, No. 05-11931, 2009 WL 8671793, at *3 (Bankr. S.D.N.Y. Mar. 17, 2009) ("Plaintiff's service of process by certified mail on Defendant's counsel, its authorized agent, was proper pursuant to Bankruptcy Rule 7004(b)(3) and (8), which expressly authorizes service on a foreign corporation by service on its agent by mail.").

And the Court finds the Trustee's transmission of a copy of the Summons and Complaint by first class mail to an agent authorized to receive service of process. That this mailing labeled as

a "courtesy copy" is of no moment; the mailing accomplished the purpose of service under Bankruptcy Rule 7004—providing notice to the defendant through an authorized agent. The Declaration of Service establishes that the Trustee mailed the Summons and Complaint to Sagi Trust Counsel by first class mail. Declaration of Service at 2, 5. Sagi Trust Counsel, as the Court has found, is the Sagi Trust's implied agent authorized to receive service of process in this Adversary Proceeding. The method of transmission—first class mail addressed to counsel's place of business—satisfies Bankruptcy Rule 7004(b)(3) and (8).

The Trustee's mailing of the Summons and Complaint to Sagi Trust Counsel by first class mail effected proper service under Bankruptcy Rule 7004. The Sagi Trust is subject to the jurisdiction of this Court. Accordingly, the Court denies the Sagi Trust's claim for relief under Rule 12(b)(2) and 12(b)(5).

***The Trustee's Alternative Request For Relief***

Because the Court finds that the Trustee effected proper service of process on the Sagi Trust through its implied agent, Sagi Trust Counsel, the Court will not address the Trustee's alternative request for jurisdictional discovery or court-ordered alternative service pursuant to Rule 4(f)(3).

## CONCLUSION

For the reasons set forth herein, the Court denies the Motion.

IT IS SO ORDERED.

Dated:  December 5, 2025
         New York, New York

                                                  /s/ *James L. Garrity, Jr.*
                                                  Honorable James L. Garrity, Jr.
                                                  United States Bankruptcy Judge